COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick

VIRGINIA ANN REED

v.   Record No. 2068-94-4                    MEMORANDUM OPINION*
                                               PER CURIAM
COLUMBIA CABLE                                 MAY 9, 1995
AND
TWIN CITY FIRE INSURANCE COMPANY


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION
          (Kenneth D. Bynum; Koonz, McKenney, Johnson &
          Depaolis, on brief), for appellant.

          (Dawn E. Boyce; Lewis, Trichilo, Bancroft, McGavin &
          Horvath, on brief), for appellees.


     Virginia Ann Reed contends that the Workers' Compensation

Commission erred in (1) finding that she failed to prove that she

sustained an injury by accident arising out of and in the course

of her employment on March 26, 1993; and (2) relying upon

impermissible hearsay contained in medical records and a recorded

statement to contradict Reed's testimony.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the party prevailing below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [her] burden of proving an 'injury by accident,' a

_____
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

claimant must prove the cause of [her] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that Reed's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Reed was employed by Columbia Cable ("employer") as a service technician. In describing the back injury which she alleged she sustained while digging a ditch in the course of her employment on March 26, 1993, Reed testified that "when my foot hit the shovel . . . I felt like I shocked my back or pulled and I didn't know what, what it, what else to say it felt like, like when you hit your elbow and you have a shock reaction." She testified that she immediately reported the incident to her supervisor, John Franklin, and that she told her co-workers at that time that she hurt her back digging. She also stated that she told her orthopedic surgeon, Dr. Andre Eglevsky, Jr., and her physical therapist how she hurt herself.

Franklin denied that Reed initially reported an accident or a sudden incident of pain to him. Franklin also stated that Reed's co-workers did not corroborate her testimony that she told them that she had hurt her back, nor did they notice that she was in any pain. Scott Weber, a supervisor, stated that he observed

2

Reed on April 2, 1993 limping and in pain. He testified that Reed denied that she had sustained an accident, instead she stated that her injury occurred over a period of time. In an April 13, 1993 recorded statement taken by employer's insurance adjuster, when Reed was asked whether the injury occurred at a specific time or whether she gradually felt pain, she responded that "it was like gradual." Finally, the initial medical history given by Reed to Dr. Eglevsky reflected that she felt low back pain after "doing a lot of shoveling Friday and Saturday." The initial history noted by the physical therapist stated that Reed injured "her back on March 26, 1993 after digging all day." These medical histories do not corroborate claimant's hearing testimony describing a specific incident.

In holding that Reed failed to prove an injury by accident, the commission found that Reed's evidence failed to prove that her injury was precipitated by an accidental event such as she described at the hearing.

Based upon the inconsistencies between Reed's hearing testimony, the initial medical histories, the testimony of Reed's supervisors, and Reed's recorded statement, we cannot say as a matter of law that the commission erred in finding that Reed's evidence was insufficient to prove a compensable injury by accident.

We find no merit in Reed's contention that the commission improperly relied upon medical reports and the recorded statement

3

to determine how the accident happened.  The commission is not bound by common law rules of evidence.  <u>Piedmont Manuf. Co. v. East</u>, 17 Va. App. 499, 512-13, 438 S.E.2d 769, 777 (1993). Furthermore, it is clear from the commission's opinion that it considered the medical reports and the recorded statement as impeachment of Reed's testimony.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>