COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Benton and Senior Judge Hodges
Argued at Norfolk, Virginia


KENNETH W. ZERBE
                                    MEMORANDUM OPINION
v.          Record No. 1081-94-1     BY JUDGE JOSEPH E. BAKER
                                          MAY 30, 1995
KENKEV COMPANY and
 EMPLOYERS INSURANCE OF WAUSAU


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Jill Roseland (Carlton F. Bennett; Bennett
              and Zydron, P.C., on brief), for appellant.

              Fay F. Spence (Gaidies, Young & Spence, on
              brief), for appellees.


     Kenneth W. Zerbe (claimant) contends that the Workers'

Compensation Commission (commission) erred in disregarding the

deputy commissioner's credibility determination and in finding

that claimant failed to prove that his herniated disc was caused

by an identifiable incident which precipitated a sudden

mechanical change in his body.  Finding no error, we affirm the

commission's decision.

     At the evidentiary hearing, claimant testified that at 10:00

a.m. on April 12, 1993, while he was in the process of digging

thirty-two post holes, he experienced a sharp pain in his lower

back as he plunged the post-hole digger into the thirteenth or

fourteenth hole.  However, in a recorded statement given by

claimant to employer's insurance carrier shortly after the

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

incident, claimant did not provide any description of a specific identifiable incident.  Rather, he stated that he experienced low back pain while digging post holes on April 12, 1993, and performing additional work on April 13 and 14, 1993.  Contrary to claimant's assertion at the hearing, there is nothing in the recorded statement to indicate that claimant was impaired by medication, that he did not understand the questions, or that he was unable to give coherent answers.  Moreover, the insurance adjuster testified that claimant did not sound impaired when he gave the recorded statement.

The deputy commissioner's finding that claimant proved a compensable injury by accident was based upon the substance of claimant's hearing testimony and the contents of the medical records, rather than upon claimant's demeanor or appearance.  Accordingly, the credibility issue was as determinable by the full commission as it was by the deputy.  Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987); see also Kroger Co. v. Morris, 14 Va. App. 233, 236, 415 S.E.2d 879, 880-81 (1992).

On appellate review, we construe the evidence in the light most favorable to the party prevailing before the commission.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In order to carry his burden of proving an 'injury by accident,' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating

event and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). "Factual findings of the commission are binding on appeal. Code § 65.1-98 [now Code § 65.2-706]. [Only] if no credible evidence exists in support of a factual finding, [will] the issue of sufficiency of the evidence [be] one of law for this Court to decide." <u>Spruill v. C.W. Wright Const. Co.</u>, 8 Va. App. 330, 333, 381 S.E.2d 359, 360 (1989). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's finding is binding and conclusive upon us. <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant received medical treatment for his back pain from Patient First and Dr. Colin Hamilton, an orthopedic surgeon. Their medical records do not reflect that claimant mentioned a specific identifiable incident. Rather, the records merely refer to claimant's symptoms commencing after digging post holes.

The commission was entitled to determine credibility and to give little weight to claimant's hearing testimony, which was inconsistent with his recorded statement and the medical records. Based upon claimant's recorded statement and the medical records, we cannot say as a matter of law that his evidence sustained his burden of proving a specific identifiable incident as required under the Workers' Compensation Act. Thus, the commission did not err in denying him compensation.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.

BENTON, J., dissenting.


At the evidentiary hearing Zerbe appeared pro se and testified in response to the deputy commissioner's questioning as follows:

> Q: And can you tell us if anything unusual happened that day?
>
> A: Yes, ma'am. I was digging some post holes and about the thirteenth or fourteenth hole, while I was thrusting the post hole diggers into the ground, I experienced a sharp pain in my lower back. At that time I thought it was a pinched nerve. I took a small break and walked over and took a few sips of my drink, stretched a little bit, and tried to stretch it out.
>
> Q: About what time was this, sir?
>
> A: This was, to the best of my recollection, around 10 o'clock in the morning.
>
> Q: All right.
>
> A: Realizing that I was the only one there, and had to get these things done, I tried to continue on.


The employer's attorney sought to impeach Zerbe by questioning him concerning the statements Zerbe had made to the employer's insurance agent on the telephone. In response to her questioning, Zerbe continued his testimony as follows:

> Q: Mr. Zerbe, how many holes did you do during the day on April 12th?
>
> A: Thirty-two.
>
> * * * * * * *
>
> Q: And do you recall speaking with [the insurance agent] on May the 20th about your case?

- 5 -

A: Yes, I do.

Q: And do you remember him asking you if there was any particular hole that the pain started on?

A: Yes, ma'am, I do.

Q: And isn't it true that you told him that there was no particular hole, that it was from digging all the holes?

A: No, ma'am. I told him I couldn't possibly remember exactly which hole it was.

Q: Didn't you tell him that it was a gradual thing that developed as you dug all the holes and you could feel it as you would go into the post holes?

A: I don't know if that's exactly what I told him. At that point in time you have to understand I was -- had no idea that this claim could possibly be turned down from it not being a particular accident. I thought he was investigating me to find out whether or not I actually was hurt on the job. Okay. I didn't know I had to specify exactly which hole. I didn't know that I had to do all of that. So, I told him that halfway through I was in pain. I had experienced pain and had to keep digging these holes and it got worse as I went.

Indeed, the transcript of the telephone interview reflects that during the course of the telephone interview, in which the agent made inquiries suggesting that the pain occurred at an imprecise time, Zerbe stated:

Ah, I can't really pinpoint a certain hole, you know, I felt it when I was jamming the post hole diggers down into the hole, I could feel it, but I can't tell you ah, any one certain hole that I really felt it on.

Thus, in both his recorded statement to the insurance agent and

his testimony at the evidentiary hearing, Zerbe testified that when he was "about halfway through" he injured his back while pushing the post hole digger "into the hole."

After he was informed that he had to more precisely identify the hole, Zerbe testified at the evidentiary hearing that it was the "thirteenth or fourteenth hole." Zerbe explained during his testimony at the evidentiary hearing that he sought to more precisely identify the particular hole when he was told after his recorded statement that he had to specify a particular hole. He also testified that he believed the insurance agent was concerned about "whether or not [he] actually was hurt" and not whether he could precisely identify the precise hole.

The commission's findings that Zerbe's recorded statement "contains no description of an accident" is not supported by credible evidence. Zerbe's statement that he was injured "when . . . [he] was jamming the post hole diggers down into the hole" is precisely an event that proves an "identifiable incident." See Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

Furthermore, the deputy commissioner was the fact finder who was able to observe Zerbe's demeanor when Zerbe testified and explained the basis of his response during the telephone interview. The commission's finding that it found from the recorded statement no indication that Zerbe was injured as a result of "any particular activity at any particular time" is

both plainly wrong and made in contravention of <u>Goodyear Tire and Rubber Co. v. Pierce</u>, 5 Va. App. 374, 363 S.E.2d 433 (1987). Without any adequate basis, the commission has disregarded the deputy commissioner's assessment of Zerbe's testimony and explanation for his inability to specify the <u>particular</u> hole in the recorded statement. Moreover, Zerbe's recorded statement and his testimony are both consistent in the assertion that Zerbe was injured when he jammed the digger into one of the holes. His diligence in completing the work while in pain does not convert his injury by accident to an injury caused by repetitive trauma.

For these reasons, I would reverse the commission's denial of an award to Zerbe.