COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

JOHNNY A. MURRAY

v.   Record No. 1090-95-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
WESTMORELAND COAL COMPANY                     OCTOBER 3, 1995

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (Donald E. Earls, on briefs), for appellant.

                  (Michael F. Blair; Penn, Stuart, Eskridge & Jones,
                  on brief), for appellee.


        Johnny A. Murray ("claimant") contends that the Workers'

Compensation Commission erred in finding that Westmoreland Coal

Company ("employer") was not responsible for the cost of a

Craftmatic Adjustable Bed ("the bed") prescribed by Dr. Michael

Ford, the treating physician, because claimant failed to prove

that the bed was reasonable and medically necessary.  Claimant

also argues that the commission erred in considering Dr. Ford's

April 22, 1993 progress note and in not considering his October

6, 1994 letter as after-discovered evidence.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant met his burden of proving that employer was responsible for the cost of the bed, the commission's findings are binding and conclusive upon us. <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Code § 65.2-603 (formerly Code § 65.1-88) provides: "As long as necessary after an accident the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician . . . and <u>such other necessary medical attention</u>." (Emphasis added.)

The commission denied claimant's request that employer be held responsible for the cost of the bed. The commission found that (a) Dr. Ford could not render an opinion as to the medical necessity of the bed because he was not familiar with the bed, (b) Dr. Ford acknowledged that regular physical therapy would provide superior care over the bed, (c) Dr. Ford failed to opine that claimant required round-the-clock physical therapy, and (d) no evidence established that a two-person bed (as opposed to a one-person model) was reasonable and necessary.

Dr. Ford's medical records, letters, and deposition testimony, which were all considered by the commission, support its findings.[1] Based upon the lack of evidence that the bed was

_____
[1] Because it appears from the record that the commission considered all of the medical evidence before it, including Dr. Ford's April 22, 1993 progress note and his October 6, 1994 letter, we do not find it necessary to address claimant's

2

reasonable and medically necessary, we cannot say as a matter of law that the commission erred in finding that employer was not responsible for the cost of the bed.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

---

argument concerning these medical reports.