COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


KAREN SUE O'BARR

v.   Record No. 1001-95-4                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
AUM, INC. D/B/A DUNKIN DONUTS                OCTOBER 10, 1995
AND
GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Michael W. Heaviside; Ashcraft & Gerel, on brief),
               for appellant.

               (Susan L. Herilla; Slenker, Brandt, Jennings &
               Johnston, on brief), for appellees.


     Karen Sue O'Barr contends that the Workers' Compensation

Commission erred in finding that she failed to prove an injury by

accident arising out of and in the course of her employment.

Upon reviewing the record and the briefs of the parties, we find

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [her] burden of proving an 'injury by accident,' a

claimant must prove the cause of [her] injury was an identifiable

incident or sudden precipitating event and that it resulted in an

obvious and sudden mechanical or structural change in the body."

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

_Morris v. Morris_, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989) (citations omitted). Unless we can say as a matter of law that O'Barr's evidence sustained her burden of proof, the commission's finding is binding and conclusive upon us. _Tomko v. Michael's Plastering Co._, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission found that O'Barr did not prove that she slipped and fell on a wet floor at work on April 10, 1994. As the basis for its decision, the commission stated the following:

> While [O'Barr] testified that she slipped on a wet floor at work, two employees who were present testified that they did not observe, and were not made aware of, this incident. Fennell testified that, at lunch on the date of the accident, [O'Barr] mentioned that she had fallen. However, this was not communicated to either Trivedi or any other employee.
>
> The Attending Physician's Report of April 27, 1994, with the history completed in [O'Barr's] handwriting, is the only report from Dr. Bryngelson referring to how the accident occurred. We note that forms completed by [O'Barr] on July 6, 1994, indicate ongoing neck pain of six months duration and lower back pain for four years.

As fact finder, the commission was entitled to accept the testimony of Ashwin and Neena Trivedi and Katrina Kelly and to reject O'Barr's testimony that an accident occurred. Furthermore, the commission could infer from the medical records that O'Barr suffered from ongoing neck and low back pain before the alleged fall and, consequently, the injury predated the alleged accident. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings,

2

they will not be disturbed by this Court on appeal." <u>Hawks v. Henrico County Sch. Bd.</u>, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).  Credible evidence in the record supports the commission's decision.

<u>Affirmed.</u>