COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


MELVIN P. WAGNER

v.   Record No. 0971-95-2                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
R. S. HARRITAN & COMPANY                      OCTOBER 31, 1995
AND
AMERICAN MOTORISTS INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (Geoffrey R. McDonald; Laura L. Geller;
                  McDonald & Snesil, on brief), for
                  appellant.

                  (Lynne Jones Blain; Lori Morris Whitten;
                  Morris & Morris, on brief), for appellees.


     Melvin P. Wagner ("claimant") contends that the Workers'

Compensation Commission erred in finding that he failed to prove

a compensable change in condition entitling him to temporary

total disability benefits beginning April 6, 1994.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"General principles of workman's compensation law provide that

'[i]n an application for review of any award on the ground of

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission denied claimant's application on the ground that his evidence failed to show that he is presently disabled as a result of his compensable May 14, 1990 right elbow injury. In so ruling, the commission found as follows:

> The evidence establishes the claimant probably has continuing right elbow symptomatology related to his work accident, which is consistent with the permanent impairment, and that the claimant is at least partially impaired and unable to return to his pre-injury employment because of his aggregate problems. However, it is the carpal tunnel syndrome and perhaps the back and right knee problems for which he has sought medical care in 1994. The right elbow condition is addressed only peripherally. The evidence presented does not establish any change in condition with regard to the work injury since 1991, not to the extent that the residual impairment contributes to the present work incapacity.

These factual findings are consistent with the medical records and support the commission's decision. The commission

2

previously found that claimant's carpal tunnel syndrome and his back problems were not causally related to his compensable injury by accident. These findings are final as to these parties. Therefore, any disability which claimant may suffer as a result of these conditions is not employer's responsibility.

Dr. William Walker's testimony and records indicate that claimant's right elbow condition remained essentially unchanged since he was awarded permanent partial disability benefits in 1993 based on a 27% impairment rating. Dr. Walker attributed claimant's total disability primarily to his carpal tunnel syndrome.

Therefore, based upon this record, we cannot say as a matter of law that claimant met his burden of proving that his current disability is related to his compensable right elbow injury. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>