COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


ERIC PAUL PIKE

v.          Record No. 2614-95-1          MEMORANDUM OPINION[*]
                                            PER CURIAM
SCOTT A. HUDSON                            MAY 14, 1996
AND
HARTFORD UNDERWRITERS
 INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (William M. McKee, on brief), for appellant.

          (Susan B. Potter; Vandeventer, Black,
          Meredith & Martin, on brief), for appellees.


     Eric P. Pike (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that he

failed to prove he sustained an injury by accident arising out of

and in the course of his employment on December 1, 1994.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry his burden of proving an 'injury by accident,' a

claimant must prove the cause of his injury was an identifiable

incident or sudden precipitating event and that it resulted in an

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>obvious and sudden mechanical or structural change in the body</u>."

<u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

Unless we can say as a matter of law that claimant's evidence

sustained his burden of proof, the commission's finding is

binding and conclusive upon us.  <u>Tomko v. Michael's Plastering</u>

<u>Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission found that neither claimant's testimony nor

the medical record established that he sustained a compensable

injury by accident on December 1, 1994.  As the basis for its

decision, the commission stated the following:

> [Claimant's] testimony that he sustained
> injury on December 1, 1994, when Matina
> dropped his end of a sheetrock panel, is not
> supported by the weight of the evidence.
> Matina testified that he could not recall the
> incident.  While the claimant initially
> testified that he immediately informed Matina
> of his injury, he later changed his
> testimony.  Matina stated that [claimant]
> never informed him of an injury on December
> 1, 1994, and exhibited no indication of
> injury on that date.  On December 5, 1994,
> Dr. Byrd reported that the claimant was
> experiencing neck and right arm pain for one
> month.  There was no mention of an injury of
> December 1, 1994, until six weeks later
> during Dr. Mein's initial evaluation.[1]

As fact finder, the commission was entitled to give more

weight to the testimony of Matina and Hudson than to claimant's

[1]The commission also noted that Scott Hudson, claimant's
supervisor, who worked in the same house on December 1, 1994 as
claimant and Matina, testified that claimant did not report an
injury to him on that date.  Hudson first heard of the alleged
injury on December 7, 1994, when claimant called him to obtain
insurance information.  Even then, claimant did not give Hudson
any information concerning the alleged injury.

2

testimony.  Based upon the testimony of Matina and Hudson, the commission could conclude that claimant did not sustain a compensable injury by accident on December 1, 1994.  Furthermore, the commission could infer from the history contained in Dr. Byrd's medical record that claimant had suffered from neck and arm pain before the alleged accident and, consequently, the injury predated the alleged accident.  "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Affirmed.