COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

WELLMORE COAL CORPORATION
AND
UNITED AFFILIATES CORPORATION                    MEMORANDUM OPINION[*]
                                                     PER CURIAM
v.    Record No. 0599-96-3                        AUGUST 13, 1996

WILLIAM MICHAEL LING

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (S. T. Mullins; Street, Street, Street, Scott &
               Bowman, on brief), for appellants.

               (Bobby Steve Belcher, Jr.; Wolfe & Farmer, on
               brief), for appellee.


     Wellmore Coal Corporation and its insurer (hereinafter collectively referred to as "employer") contend that the Workers' Compensation Commission ("commission") erred in finding that employer failed to prove that William Michael Ling ("claimant") was able to return to his pre-injury work as of May 17, 1995. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

     On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that the employer's evidence proved that claimant was able to carry out all of the duties of his pre-injury work, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission's findings are supported by the opinions of claimant's treating physician, Dr. Joshua P. Sutherland, Jr., an osteopath, and Dr. Robert T. Strang, an orthopedic surgeon. Dr. Sutherland approved claimant's tentative return to work on a trial basis on July 3, 1995, yet noted in his July 19, 1995 office notes that claimant was unable to work as a truck driver. Dr. Sutherland reiterated this opinion in his August 28, 1995 report. Dr. Sutherland had treated claimant since the July 25, 1992 accident and was aware of claimant's job duties as a truck driver. In August 1995, Dr. Strang placed restrictions upon claimant's ability to lift and opined that he should not drive a truck, but should consider a lighter job. Based upon the opinions of Drs. Sutherland and Strang, we cannot find as a matter of law that employer's evidence proved that claimant was able to return to his pre-injury work.

As fact finder, the commission was entitled to reject the opinions of Drs. Matthew W. Wood, a neurosurgeon, and William A. McIlwain, an orthopedic surgeon. Dr. McIlwain equivocated in rendering his opinions and his records do not indicate whether he had any specific knowledge of claimant's job duties as a truck driver. Dr. Wood acknowledged claimant's continuing subjective complaints and his unsuccessful attempt to return to work, yet insisted that claimant could drive a coal truck. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

For these reasons, we affirm the commission's decision.

Affirmed.