COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

CAVALIER MINING, INC.
AND
TRAVELERS INSURANCE COMPANY                    MEMORANDUM OPINION[*]
                                                    PER CURIAM
v.   Record No. 1071-96-3                       OCTOBER 8, 1996

DAVID E. MULLINS

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Jim H. Guynn, Jr.; Guynn & Clemens, on
               brief), for appellants.

               (Robert B. Hines II, on brief), for appellee.


     Cavalier Mining, Inc. and its insurer (hereinafter collectively referred to as "employer") contend that the Workers' Compensation Commission ("commission") erred in finding that as of January 17, 1995, David E. Mullins ("claimant") remained disabled from performing his pre-injury job due to his compensable September 17, 1994 back injury. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

     As a threshold issue, employer contends that the commission erred in placing the burden of proof upon it. We disagree and find, based upon this record, that the commission correctly concluded that

               [b]ecause [employer] failed to timely solicit

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

and file agreements for an accepted claim that would have resulted in an enforceable award from the Commission, we will presume one was entered to avoid giving the carrier an advantage by virtue of such neglect. Accordingly, the burden is on the employer to present grounds to show that the presumed award should be terminated. National Linen Serv. v. McGuinn, 5 Va. App. 265, 362 S.E.2d 187 (1987) . . . .

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that employer's evidence proved claimant's compensable lower back injury no longer disabled him from performing his pre-injury work after January 17, 1995, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In awarding benefits to claimant, the commission found as follows:

we infer and find that the claimant's preexisting spondylolisthesis and degenerative back disease was [sic] materially aggravated by the work accident, and the employer is liable for such effects, unless and until he has recovered from such accident and is returned to his pre-injury state. The medical records establish that the claimant has never been returned through medical treatment or passage of time to his preaccident asymptomatic condition. Rather it is clear from the medical records that he has remained symptomatic and under the care of a physician for the back injury since the accident.[1]

---

[1]The medical evidence showed that claimant sustained an

2

These findings are amply supported by the medical records of the treating physician, Dr. Kelly Taylor, and the December 2, 1994 Attending Physician's Report of Dr. S. C. Kotay, the treating orthopedic surgeon. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

Viewing the evidence in the light most favorable to claimant, we cannot say as a matter of law that employer's evidence proved claimant's compensable back injury no longer disabled him from performing his pre-injury job after January 17, 1995. Accordingly, we affirm the commission's decision.

Affirmed.

---

acute back strain in 1966. At that time, he was diagnosed as suffering from spondylolisthesis. In 1990, claimant sustained a mild lower back sprain. However, between 1990 and the date of claimant's compensable accident, there is no evidence to indicate that claimant's back condition was symptomatic or that it ever caused him to miss work.