COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

RICK EUGENE DUDLEY

v.   Record No. 1814-96-2                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
PARAMOUNT'S KINGS DOMINION                   JANUARY 7, 1997
AND
AETNA CASUALTY AND SURETY COMPANY

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Rick Eugene Dudley, pro se, on brief).

              (F. Brawner Greer; McGuire, Woods, Battle &
              Boothe, on brief), for appellees.


        Rick Eugene Dudley ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in denying his

application alleging a change in condition and seeking temporary

total disability benefits commencing December 27, 1994.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"General principles of workman's compensation law provide that

'[i]n an application for review of any award on the ground of

change in condition, the burden is on the party alleging such

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that claimant's evidence did not establish that his regular employment duties required lifting in excess of twenty-five pounds, the commission found as follows:

> The burden is upon [claimant] to establish that his duties exceed this restriction, and there is nothing in the record in that regard. The claimant did testify that he engaged in other activities from time to time on behalf of his employer, but it is not clear from the record whether these were duties which were expected or required of him. The record is clear that he was injured while lifting a section of flooring, apparently part of a stage, that weighed more than 25 pounds, but again we cannot determine if such work was a part of his employment duties, as opposed to work which he did voluntarily.

It was undisputed that claimant's physicians released him to perform work, which did not require lifting in excess of twenty-five pounds. No evidence established that the regular duties of claimant's pre-injury job as a guitar player required that he lift objects weighing more than twenty-five pounds.

Although claimant testified that on two occasions he lifted objects weighing more than twenty-five pounds while working for employer, no evidence established that these tasks were a required and expected part of his job as a musician.  In short, claimant never testified regarding the specific duties required of him in the musician job nor did he present any other evidence to establish those duties.  Accordingly, the commission was entitled to conclude that claimant's regular employment as a guitar player did not require lifting in excess of twenty-five pounds.  Based upon this record, we cannot say as a matter of law that claimant's evidence sustained his burden of proving that he could not perform the duties of his pre-injury employment.[1]

For these reasons, we affirm the commission's decision.

Affirmed.

---

[1]In rendering our decision, we did not consider evidence submitted by claimant with his brief, which was not properly before the commission when it rendered its decision.

3