COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


CHRISTOPHER THEVATHASAN

v.   Record No. 2047-96-2                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
ADVANCE MACHINE WORKS                        JANUARY 7, 1997
AND
FEDERATED MUTUAL INSURANCE COMPANY


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                    (Christopher Thevathasan, pro se, on brief).

                    (Robert M. McAdam; Wooten & Hart, on brief),
                    for appellees.


       Christopher Thevathasan ("claimant") contends that the

Workers' Compensation Commission ("commission") erred in finding

that he failed to prove he sustained disability causally related

to his compensable September 13, 1994 injury by accident.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

       On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained his burden of proof, the commission's findings are

binding and conclusive upon us.  Tomko v. Michael's Plastering

_____
       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant disability benefits, the commission found as follows:

> The only medical record is a September 13, 1994, report from Dr. Blake stating that the claimant sprained his right ankle and strained his back at work that morning while lifting a 200 pound object.
>
> The Deputy Commissioner found that the claimant did sustain an injury by accident but did not prove any related disability. We agree. The claimant did not indicate the actual dates that he missed, nor did he provide any corroborating evidence that back problems stemming from the accident caused him to miss work. The employer testified that the absences were for non-work-related reasons, and the Deputy Commissioner found this testimony credible. We will not arbitrarily disregard a credibility determination of the Deputy Commissioner.

No medical evidence established a causal connection between claimant's disability and his compensable injury by accident. Moreover, in its role as fact finder, the commission was entitled to accept the testimony of employer's witness and to reject claimant's testimony regarding the reasons for his absences from work. It is well settled that the determination of a witness' credibility is within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Because we cannot find as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Accordingly, we affirm the commission's decision.

Affirmed.

2