COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

LINDA A. BROWN

v.   Record No. 2400-96-3                    MEMORANDUM OPINION*
                                                 PER CURIAM
OAK HILL HEALTH CARE CENTER                   MARCH 4, 1997
AND
LIBERTY MUTUAL INSURANCE COMPANY

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Linda A. Brown, pro se, on brief).

          (Thomas G. Bell, Jr.; Timberlake, Smith,
          Thomas & Moses, on brief), for appellees.


     Linda A. Brown (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove she sustained an injury by accident arising out

of and in the course of her employment on April 25, 1995.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [her] burden of proving an 'injury by accident,' a

claimant must prove the cause of [her] injury was an identifiable

incident or sudden precipitating event and that it resulted in an

--------------------------------

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>obvious sudden mechanical or structural change in the body</u>."
<u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989)
(citations omitted). Unless we can say as a matter of law that
claimant's evidence sustained her burden of proof, the
commission's finding is binding and conclusive upon us. <u>Tomko v.</u>
<u>Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835
(1970).

Claimant testified that, on April 25, 1995, while working as
a nurse's aide for employer, she injured her left ankle and back
while moving a patient from her bed to a reclining chair.
Claimant stated that the patient's bed had no rollers and that
she injured her ankle when she tried to move the bed with her
leg. Claimant could not recall having received specific training
in the use of the bed. Claimant also stated that, while
attempting to wash the patient thereafter, she felt a sting on
the right side of her lower back.

In rejecting claimant's testimony and in ruling that
claimant's "injuries were the result of non-compensable,
cumulative or repetitive trauma resulting from repeated
activities involving the lifting and repositioning of the patient
and others during the course of her shift," the commission found
as follows:

> Several aspects of the employee's
> testimony were contradicted by that offered
> by her supervisor, Ms. Evers. Ms. Evers
> testified that because most of the beds in
> the facility had wheels, she trained the
> nursing aides on April 6, 1995, on the proper
> use of those beds. After receiving the

2

telephone call from the employee, Ms. Evers checked [the patient's] bed and found that it had four wheels, as did the bed used in training.  It was not until the next morning that the employee first reported the wrist injury.  An Attending Physician's Report was submitted on April 26, 1995.  The employee completed block 10, which contains the patient's account of how the injury or accident occurred.  This information, completed by the employee in her own hand, states that she was "working with resident without rollers (moving bed back & forth) on bed – over extended period – possible lifting of another (lifting this person at least 5 times)."

It is well settled that credibility determinations are within the fact finder's exclusive purview.  Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  Based upon the inconsistencies between claimant's testimony, Evers' testimony, and claimant's account of how the injury occurred as written by her on the Attending Physician's Report, the commission was entitled to conclude that the medical records, including the claimant's recorded version of events, were more persuasive than claimant's testimony.  Accordingly, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.

3