COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


MARY E. LEWIS
                                        MEMORANDUM OPINION[*]
v.        Record No. 0270-97-2               PER CURIAM
                                          JUNE 24, 1997
SEARS ROEBUCK & COMPANY
AND
LUMBERMAN'S MUTUAL CASUALTY
 COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Mary E. Lewis, pro se, on brief).

               (Daniel G. Bloor; Midkiff & Hiner, on brief),
               for appellees.


     Mary E. Lewis (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove she sustained an injury by accident arising out

of and in the course of her employment on October 5, 1995.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [her] burden of proving an 'injury by accident,' a

claimant must prove that the cause of [her] injury was an

identifiable incident or sudden precipitating event and that it

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989) (emphasis in original). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant testified that on October 5, 1995, while working for Sears Roebuck & Company (employer) as a delivery clerk, a television set fell off a handtruck pushed by a co-worker, Don Flippo, onto the top of claimant's foot. Claimant did not report the incident to her supervisor on October 5, 1995. On the day of the alleged incident, she completed her work shift. She also worked the next day. On October 6, 1995, claimant's supervisor told her that her last day of work would be October 9, 1995. During this conversation, claimant did not report an accident or a work-related injury to her supervisor. Claimant first sought medical treatment from Dr. S. Sharma for a foot condition on October 9, 1995, her last day of work. On October 18, 1995, Dr. Ilene S. H. Terrell diagnosed claimant as suffering from a ganglionic cyst and a heel spur. Dr. Terrell surgically removed the cyst on December 1, 1995, and claimant was released to return to work on January 23, 1996.

Flippo testified that he did not work on October 5, 1995 and that he never dropped a television set on claimant's foot.

Based largely upon its finding that Flippo's testimony was credible and claimant's testimony was not credible, the commission held that claimant failed to prove that she sustained an injury by accident arising out of and in the course of her employment on October 5, 1995.

It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). In this instance, the issue of whether claimant sustained an injury by accident arising out of and in the course of her employment was entirely dependent upon the credibility of the witnesses. The commission, in considering the testimony of the witnesses, found claimant's evidence to be insufficient to establish her claim. In light of claimant's failure to report the incident to her supervisor on the date of her injury or the next day and the inconsistencies between her testimony and Flippo's testimony, we cannot say, as a matter of law, that claimant's evidence sustained her burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.