COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CURTIS S. SMITH

v.   Record No. 0864-97-2                    MEMORANDUM OPINION[*]
                                                PER CURIAM
CITY OF EMPORIA AND                          AUGUST 22, 1997
 VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Stephen D. Bloom; Townsend and Bloom Law
                Offices, on briefs), for appellant.

                (P. Dawn Bishop; Sands, Anderson, Marks &
                Miller, on brief), for appellees.


        Curtis S. Smith appeals from a decision of the Workers'

Compensation Commission denying his application for an award of

compensation benefits.  Smith contends that the commission erred

in finding that he failed to prove (1) that he sustained an

injury by accident arising out of and in the course of his

employment on December 21, 1994 and/or January 3, 1995; and (2)

that his injuries and disability were causally related to a

compensable injury by accident.  Finding no error, we affirm the

commission's decision.

        "In order to carry [the] burden of proving an 'injury by

accident,' a claimant must prove that the cause of [the] injury

was an identifiable incident or sudden precipitating event and

that it resulted in an obvious sudden mechanical or structural

--------
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

change in the body." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  Unless we can say as a matter of law that Smith's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  <u>See</u> <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).  Furthermore, on appeal, we view the evidence in the light most favorable to the prevailing party below.  <u>See</u> <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

At the hearing before the deputy commissioner, Smith testified that he experienced pain in his right arm and tingling in his fingers when he picked up a piece of concrete at work on December 21, 1994.  Smith continued to work for the employer after this incident.  Smith testified that on January 3, 1995, while working on a trash truck, he picked up a trash can and felt a sharp pain down the right side of his hand.

However, Smith gave a recorded statement on May 9, 1995 to Cat Cunningham, a claims adjuster.  In that statement, Smith did not mention a December 21, 1994 incident nor did he mention lifting concrete as a cause of his injury.  Rather, Smith stated that in January 1995, while lifting and dumping trash cans at work over the course of the entire day, his wrist began to hurt. Smith could not pinpoint a specific incident that caused his pain.

The medical records reveal that Smith sought medical

treatment from Dr. John Holland, Jr. on January 3, 1995. Smith gave Dr. Holland a history of "exacerbation of pain of the right arm upon lifting garbage cans at work."[1] On April 4, 1995, Smith saw Dr. Douglas A. Wayne for an electrodiagnostic consultation. Dr. Wayne noted that Smith reported the puncture wound to his hand in July 1994. Dr. Wayne noted that Smith "has had some chronic problems with his hands ever since the . . . [July 1994] injury." Smith also treated with Dr. William Bowers, a hand surgeon. On April 26, 1995, Dr. Bowers noted that Smith may have sustained a new injury in January 1995 when "he was lifting some concrete . . . and throwing around garbage cans." Dr. Bowers diagnosed a triangular fibrocartilage tear ("TFC tear") in Smith's right wrist, for which Smith eventually underwent surgery.

The deputy commissioner found that Smith did not "suffer[] an injury by accident on January 3, 1995 while lifting a particular trash can. Instead, . . . [Smith] experienced pain in his wrist as a result of the course of work in which he was engaged on January 3, 1995." On review, the commission found that "the evidence presented fails to establish that [Smith] suffered an injury by accident on January 3, 1995, arising out of an identifiable incident or sudden precipitating event."

---

[1]It was undisputed that Smith suffered a prior injury to his right hand in July 1994 when a screwdriver punctured his hand. However, both Drs. Holland and Bowers opined that Smith's condition was unrelated to the puncture wound.

Based upon Smith's failure to report a history of a specific identifiable incident or sudden precipitating event occurring on either December 21, 1994 or January 3, 1995 in his recorded statement or to his physicians, the commission was entitled to reject his testimony to the contrary and to conclude that his injury was caused by lifting and twisting trash cans over the course of an entire day in January 1995. An injury that results from cumulative trauma caused by repetitive motion is not compensable, as a matter of law, under the Workers' Compensation Act. See The Steinrich Group v. Jemmott, 251 Va. 186, 199, 467 S.E.2d 795, 802 (1996). Thus, based upon this record, we cannot say as a matter of law that Smith's evidence sustained his burden of proving a compensable injury by accident. Accordingly, we affirm the commission's decision.

Because our ruling on the injury by accident issue disposes of this appeal, we need not address the causation issue.

Affirmed.