COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


GLENDA D. CLENDENIN
                                        MEMORANDUM OPINION[*]
v.   Record No. 2714-97-3                   PER CURIAM
                                          APRIL 14, 1998
MOUNTAIN EMPIRE OLDER CITIZENS, INC.
 AND NATIONAL ALLIANCE FOR RISK
 MANAGEMENT SERVICE GROUP


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (James Michael Shull, on brief), for
                appellant.

                (S. Vernon Priddy, III; Sands, Anderson,
                Marks & Miller, on brief), for appellees.


        Glenda D. Clendenin ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that she

was not totally disabled after July 15, 1996 as a result of her

compensable February 28, 1996 injury by accident.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant proved she

remained totally disabled after July 15, 1996, the commission's

findings are binding and conclusive upon us.  See Tomko v.

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant an award of temporary total disability benefits subsequent to July 15, 1996, the commission found as follows:

> Dr. [Kenneth D.] Kiser reported continuing disability until his evaluation on May 14, 1996. The May 14 office note mentions physical therapy, and the records contain a referral to therapy. The office note of June 11, 1996, states that the claimant is being followed by physical therapy. The referral to therapy by Dr. Kiser during this time period implies that he may have felt that she was disabled. However, at the time of the claimant's evaluation on July 15, 1996, he reported that: "Back pain is markedly improved . . . [.]" The lumbosacral exam was reported normal, and the neurological exam was reported intact. Again, there was no indication of disability. By July 15, there does not appear to be a reasonable basis upon which to find that the claimant was still totally disabled from employment. The claimant stated that she had not sought any employment.

Based upon Dr. Kiser's medical records, the commission could reasonably conclude that claimant was not totally disabled after July 15, 1996 as a result of her compensable back injury. No evidence showed that claimant made any effort to market her work capacity after that date. Accordingly, we cannot say as a matter of law that claimant's evidence sustained her burden of proving entitlement to an award of temporary total disability benefits after July 15, 1996.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.