COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


WILHELMENIA LEE
                                    MEMORANDUM OPINION[*]
v.   Record No. 1740-98-1              PER CURIAM
                                    NOVEMBER 24, 1998
CITY OF PORTSMOUTH SCHOOL BOARD


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (William E. Baggs, on briefs), for appellant.
              Appellant submitting on brief.

             (Andrew R. Blair, on brief), for appellee.
             Appellee sumbitting on brief.



     Wilhelmenia Lee ("claimant") appeals a decision of the

Workers' Compensation Commission ("commission") denying her claim

for benefits.  Claimant contends that the commission erred in

finding that she failed to prove that she sustained an injury by

accident arising out of and in the course of her employment on

June 5, 1996, which aggravated her pre-existing condition.

Finding no error, we affirm.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [the] burden of proving an 'injury by accident,' a

claimant must prove that the cause of [the] injury was an

identifiable incident or sudden precipitating event and that it

resulted in an obvious sudden mechanical or structural change in

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Relying upon the deputy commissioner's credibility determination, the commission found that claimant did not prove a compensable injury by accident on June 5, 1996.  In so ruling, the commission found as follows:

> The Deputy Commissioner observed the witnesses and found [Judy] Brown more credible than [claimant].  [Claimant] testified that her injury occurred as a result of a collision between two school buses.  Brown, the driver of the other bus, denied that her bus impacted with [claimant's] bus.  Brown, [claimant] and [Gerard] Gavin agreed there was no physical evidence to corroborate a collision between two vehicles.  The Deputy Commissioner concluded that [claimant] did not testify with sufficient credibility to persuade that the accident occurred without damage to either vehicle.  The Deputy Commissioner did not find [claimant] to be a credible witness.

As fact finder, the commission was entitled to accept Brown's testimony and to reject claimant's testimony.  It is well settled that credibility determinations are within the fact finder's exclusive purview.  See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  In this instance, the issue of whether claimant sustained an aggravation of her pre-existing condition due to an injury by accident on June 5, 1996 was entirely dependent upon the credibility of the

witnesses.  The commission, in considering the testimony of the witnesses, found claimant's evidence to be insufficient to establish her claim.  Based upon that credibility determination, we cannot say, as a matter of law, that claimant's evidence sustained her burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.