COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


TOWN OF WASHINGTON WATER WORKS
 AND VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION
                                    MEMORANDUM OPINION[*]
v.    Record No. 1773-98-4              PER CURIAM
                                      DECEMBER 15, 1998
JOHNNY RAY PULLEN


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Ralph L. Whitt, Jr.; John T. Cornett;
            Williams, Lynch & Whitt, on briefs), for
            appellants.

            (Lawrence J. Pascal; Ashcraft & Gerel, on
            brief), for appellee.


     Town of Washington Water Works and its insurer (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission ("commission") erred in (1) finding that the trigger

point injection therapy administered to Johnny Ray Pullen

("claimant") by Dr. Larry L. Stephenson was reasonable and

necessary medical treatment; (2) refusing to order a change in

treating physicians; and (3) failing to appoint a disinterested

physician to examine and evaluate claimant pursuant to Code

§ 65.2-606.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

────────────────────────

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

I.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

In holding employer responsible for Dr. Stephenson's treatment, the commission found as follows:

> [W]e concur with the Deputy Commissioner's opinion that trigger point injection therapy from Dr. Stephenson is reasonable and necessary under the circumstances. Further we concur with the conclusion that this was provided as a "stop-gap" measure. Dr. Stephenson had referred the claimant for numerous diagnostic tests and several referrals including to Dr. [David E.] Couk and Dr. [James N.] Campbell without alternative therapy being suggested. Dr. Stephenson's notes reflect that other modes of treatment, including physical therapy and acupuncture, were not productive and that the claimant suffered an intolerance to some medication prescribed. From his notes it is clear the doctor recognized the injections were not curative but also recognized they were providing the claimant relief.

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept the opinions of Dr. Stephenson, the treating physician. The commission was also entitled to reject the contrary opinions of Drs. Stuart R. Stark and Roger V. Gisolfi regarding the necessity and reasonableness of continuing trigger point injection therapy. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Dr. Stephenson's medical

- 2 -

records and opinions provide credible evidence to support the commission's findings.

Because the commission's findings are supported by credible evidence, they are binding and conclusive on appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

II.

Unless we can say as a matter of law that employer's evidence sustained its burden of proving that a change in treating physicians was warranted, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's request for a change in treating physicians, the commission found as follows:

> Although there is some disagreement by other physicians with Dr. Stephenson's treatment, there is no evidence that adequate treatment is not being rendered. Dr. Stephenson recognized for approximately two years the desirability of a referral which has been routinely denied by the insurer. We concur with the Deputy Commissioner's finding that the claimant should be allowed to continue treating with Dr. Stephenson and should be referred to Johns Hopkins for continued evaluation by Dr. Campbell.

No evidence proved that Dr. Stephenson's treatment was inadequate. To the contrary, credible evidence established that his treatment was the only modality that relieved claimant's pain symptoms, albeit temporarily. Moreover, Dr. Stephenson's medical records provide credible evidence to support the commission's

- 3 -

finding that Dr. Stephenson's treatment plan did not move forward because employer repeatedly ignored Dr. Stephenson's recommendations that claimant be referred to Dr. Campbell at Johns Hopkins for evaluation and possible treatment.

Based upon this record, we cannot say as a matter of law that the commission erred in refusing to order a change in treating physicians.

III.

Because the commission did not err in holding that Dr. Stephenson's treatment was reasonable and necessary and in ordering that claimant be referred to Dr. Campbell for further evaluation, we cannot say that the commission abused its discretion in not appointing a disinterested physician to examine claimant pursuant to Code § 65.2-606.  Under the circumstances of this case, no evidence established that such an examination was justified or necessary.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.

- 4 -