COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Senior Judge Overton


JIM HENRY STANLEY
                                        MEMORANDUM OPINION*
v.    Record No. 2373-98-3                    PER CURIAM
                                           APRIL 20, 1999
TULTEX CORPORATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert A. Williams; Williams, Luck &
            Williams, on brief), for appellant.

            (James A. L. Daniel; Martha White Medley;
            Daniel, Vaughan, Medley & Smitherman, on
            brief), for appellee.


     Jim Henry Stanley ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that he

failed to prove entitlement to compensation for a permanent

partial disability to his left leg.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Unless

we can say as a matter of law that claimant's evidence sustained

his burden of proof, the commission's findings are binding and

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,

conclusive upon us.  See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On January 18, 1994, claimant sustained a compensable injury by accident resulting in a back injury.  Claimant underwent back surgery in May 1994.  Before January 18, 1994, claimant had undergone back surgery in January 1991, October 1991, and September 1993.  On February 24, 1997, claimant filed a claim for permanent partial disability ("PPD") benefits.

In a December 15, 1997 letter, claimant's treating physician, Dr. David L. Kelly, Jr., stated "I have previously rated Mr. Stanley as having a 40 percent permanent partial disability of his spine, relative to multiple operations he has had in the past . . . ."  In a January 26, 1998 letter, Dr. Kelly wrote, "As a result of multiple operations on Mr. Stanley's back, he has a 40 percent permanent partial disability rating in his left leg."

Based upon this evidence, the commission denied claimant's application, relying upon four reasons set forth by the deputy commissioner as follows:

> First, that Dr. Kelly's ratings were not contemporaneous to any physical examination of the claimant.  Second that the rating was based on the claimant's multiple surgeries, some of which pre-existed the claimant's January 1994 work injury.  Third, that the claimant had not clearly reached maximum medical improvement.  Fourth, that Dr. Kelly had simply transferred his earlier rating of

this opinion is not designated for publication.

- 2 -

the claimant's spine to the leg, without any foundation.

No evidence proved that Dr. Kelly's ratings were given contemporaneous to any examination. In addition, Dr. Kelly's reports clearly reflect that the rating is the result of claimant's multiple back surgeries. Thus, claimant failed to prove what portion of his permanent partial disability was caused by the January 1994 work injury. In addition, in response to employer's written questions dated February 20, 1998, Dr. Kelly agreed that "[t]he wording change in [his] ratings outlined in [his] letters of December 15, 1997 and January 26, 1998 . . . were changes made at the request of Mr. Stanley's attorney to assist him in pursuing his claim for workers' compensation benefits." Finally, no evidence proved that claimant had reached maximum medical improvement. In fact, on February 27, 1995, Dr. Kelly wrote to claimant that his symptoms would "wax and wane."

Based upon this record, we cannot say as a matter of law that claimant's evidence sustained his burden of proving a permanent partial disability to his left leg that is compensable pursuant to Code § 65.2-503.

For these reasons, we affirm the commission's decision.

Affirmed.