COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


FREDERICK DARDEN
                                      MEMORANDUM OPINION*
v.    Record No. 1132-00-2                PER CURIAM
                                       SEPTEMBER 19, 2000
MACK JIMMY, INC., LUCK STONE CORP.,
 HARTFORD CASUALTY INSURANCE CO. AND
 UNINSURED EMPLOYER'S FUND


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Frederick Darden, pro se, on briefs).

              (Roger L. Williams; John T. Cornett, Jr.;
              Williams, Lynch & Whitt, on brief), for
              appellees Luck Stone Corp. and Hartford
              Casualty Insurance Co.

              (Mark L. Earley, Attorney General; Richard L.
              Walton, Jr., Senior Assistant Attorney
              General; John J. Beall, Jr., Senior Assistant
              Attorney General; Christopher D. Eib,
              Assistant Attorney General, on brief), for
              appellee Uninsured Employer's Fund.

              No brief for appellee Mack Jimmy, Inc.


     Frederick Darden (claimant) contends that the Workers'

Compensation Commission (commission) (1) erred in finding that

he failed to prove he sustained an injury by accident arising

out of and in the course of his employment on March 12, 1998;

and (2) denied him due process of the law.  Upon reviewing the

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

record and the briefs filed by claimant, the Uninsured Employer's Fund, Luck Stone Corp. and Hartford Casualty Insurance Co., we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.[1]

### Injury By Accident

"On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant did not prove that he was injured as he described in his testimony. In so ruling, the commission found as follows:

---

[1] We deny the motions to dismiss filed by Luck Stone Corp. and Hartford Casualty Insurance Co.

Much of claimant's testimony . . . was contradicted by the other witnesses. For example, the claimant stated that he told Ms. [Kelli] Callahan that he was injured. Ms. Callahan testified, however, that the claimant never reported any injury to her, nor did he appear hurt when they spoke after the alleged incident.

Similarly, the claimant stated that he told Mrs. [Sharaf] Ghazanfari that he was injured when he and Mr. Ghazanfari returned from Luck Stone on the day of the incident. Mrs. Ghazanfari, however, stated that the first time she learned that the claimant was injured was when she received a bill from Henrico Doctor's Hospital. Her testimony was corroborated by her husband . . . .

Moreover, the claimant's description of the alleged accident was called into question by several of the witnesses. Ms. Callahan testified that the claimant was "way underweight" when he returned to the scales after being told that he was overweight. Ms. Callahan's testimony was that she would not send a driver back to get more stone if the driver was less that approximately 1000 pounds underweight. This was corroborated by a ticket from another March 12, 1998, load of gabion stone, in which the driver was dispatched although the truck was 1260 pounds underweight. The claimant stated that he was told to decrease the truck's load because it was "way overweight." If the claimant had thrown rocks off as he stated that he did, he would have had to decrease his weight by approximately 2000 pounds, using Ms. Callahan's approximate figures.

. . . [A] more reasonable explanation of what happened was that the claimant dumped some of the load by opening the tailgate and raising the bed of the truck. This was the testimony of Mr. [George] Tyler, who stated that he witnessed the claimant decreasing the truck's load this way. He also stated that he did not see the

- 3 -

> claimant manually throw rocks from the
> truck's bed, or even climb onto his truck.
> The claimant, however, stated that he was in
> the bed of his truck throwing off rocks
> three times that morning.

As fact finder, the commission was entitled to accept the testimony of Callahan, Mr. and Mrs. Ghazanfari, and Tyler and to reject claimant's testimony regarding his injury. It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). In this instance, the issue of whether claimant sustained an injury due to a specific identifiable incident occurring at work on March 12, 1998 was entirely dependent upon the credibility of the witnesses. The commission, in considering the testimony of the witnesses, found that claimant's evidence was insufficient to establish his claim. In light of the inconsistencies between his testimony and the testimony of the other witnesses, we cannot say as a matter of law that claimant's evidence sustained his burden of proof.

## Due Process

We find nothing in the record to support claimant's allegation that he was denied due process of law. Claimant was afforded a full and fair opportunity to be heard pursuant to the commission's established rules and procedures.

- 4 -

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.