COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


HAROLD H. LOYD
                                    MEMORANDUM OPINION*
v.    Record No. 1876-00-4               PER CURIAM
                                     DECEMBER 28, 2000
RYDER INTEGRATED LOGISTICS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Harold H. Loyd, pro se, on briefs).

          (Alan D. Sundburg; Friedlander, Misler,
          Sloan, Kletzkin & Ochsman, PLLC, on brief),
          for appellee.


     Harold H. Loyd (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that his lumbar condition was causally related to his October 9,

1996 compensable injury by accident.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding "that the evidence does not preponderate in proving the lumbar injury for which the claimant began treatment in October 1997 was caused by the October 9, 1996, accident," the commission found as follows:

> The claimant testified that after the doors fell on him, he experienced no symptoms of pain. Later, while stretching for a carton, he felt mid-back pain. In the evening, his low back began to bother him. The claimant did not seek treatment for this pain until December 1996 at which time it was reported he had pain in the thoracic region. The medical records report no history of a work accident and the claimant testified that he did not mention the work accident to his doctors. None of the doctors linked the claimant's back problems to the incident he described when the doors fell on him. One doctor, Dr. [Neil] Kahanovitz, linked the claimant's pain to a "lifting incident" in October 1996. Dr. [Donald G.] Hope, whom the claimant testified he told about the work accident, noted the claimant's "long and progressive history of back pain" and opined that no "particular work-related incident precipitated this pain."

The commission's findings are amply supported by the record. In light of claimant's testimony and the lack of any persuasive medical evidence establishing a causal connection between claimant's lumbar condition and his October 9, 1996 injury by accident, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

-

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>