COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


MICHAEL EUGENE DURNEY
                                    MEMORANDUM OPINION*
v.   Record No. 3039-00-2              PER CURIAM
                                     APRIL 24, 2001
WINN'S HAULING, INC. AND
 COMMERCIAL UNION INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (Wesley G. Marshall, on brief), for
           appellant.

           (Susan Moloney Smith; Midkiff, Muncie & Ross,
           P.C., on brief), for appellees.


     Michael Eugene Durney (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that his post-August 1997 disability was causally related, in

whole or in part, to his compensable October 29, 1996 injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying benefits to claimant for disability after August 1997, the commission found as follows:

> [T]he evidence fails to establish any disability incurred by the claimant after August 1997 is causally related to his October 29, 1996, accident.  The medical records through August 1997 reflect that the claimant had a herniated disc at L5-S1 and had pain in his right leg that correlated with this condition.  The claimant received no treatment from August 15, 1997, until August 10, 1998.  On August 10, 1998, the claimant experienced a lifting injury for which he was treated at the Henrico Doctors' Hospital emergency room.  When he returned to Dr. [Robert F.] DeBlasi on August 13, 1998, he had pain in his left leg.  A subsequent MRI showed that the disc problem at L5-S1 was, in fact, smaller than it was in March of 1997.  In addition, this was on the opposite side from the claimant's symptoms.  He did have a slight disc bulge at L4-5.  Likewise, on August 7, 1999, an MRI showed a herniated nucleus pulposis at L4-5 and a very small herniated nucleus pulposis on the right at L5-S1.  Dr. DeBlasi in his August 16, 1999, letter specifically stated that the claimant's old herniated disc was on the right at L5-S1.  The moderate herniated disc on the left at L4-5 was new.  Dr. DeBlasi has made no statement concerning a causal relationship between the claimant's October 1996 accident and his treatment after August 1997.  The medical evidence is not sufficient for the claimant to prove that his treatment after August 1997 is a continuation of the October 1996 accident.

-

The commission's findings are supported by the medical records.  Contrary to claimant's assertions on appeal, no medical evidence proved that his disability after August 1998 was due to a re-occurrence and aggravation of his earlier October 29, 1996 compensable injury by accident.

Based upon the one-year gap in medical treatment from August 1997 through August 1998, the lifting incident on August 10, 1998, the new leg symptoms and new medical findings after the August 10, 1998 incident, and the lack of any persuasive medical evidence of a causal connection between claimant's post-August 1997 disability and his compensable injury by accident, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

For these reasons, we affirm the commission's decision.

                                          Affirmed.

-