## Richmond

FRANK E. TOMKO v. MICHAEL'S PLASTERING COMPANY, INC.

April 27, 1970.

Record No. 7209.

Present, All the Justices.

*Joseph G. Hitselberger*, for appellant.

*Jean-Pierre Garnier*, for appellee.

CARRICO, J., delivered the opinion of the court.

Frank Tomko filed with the Industrial Commission an application for compensation for a "slipped disc" allegedly suffered while he was employed by Michael's Plastering Company, Inc. Commissioner Miller conducted a hearing on the application and ruled that Tomko's alleged injury was not compensable. Upon review, the full Commission affirmed the ruling of Commissioner Miller and adopted his decision as the award of the Commission. Tomko was granted an appeal.

The evidence showed that at the time of the alleged injury to his back, Tomko was employed as a carpenter by Michael's Plastering and was engaged in the installation of sheetrock at Tysons Corner

Shopping Center in Fairfax County. Tomko had been doing carpentry work for many years and had "been lifting stuff ever since [he] was . . . little." He usually suffered "muscle soreness . . . through the middle of [his] back" on weekends after he "had worked hard."

During the week of July 22, 1968, Tomko was installing pieces of sheetrock weighing approximately 150 pounds each, or 30 pounds heavier than he normally handled. On Friday of that week, Tomko was "more sore . . . than usual." On Saturday, after working several hours, he was "quite a bit" sore. On Sunday, he "could hardly crawl" and had "pains just [shooting] down [his] legs."

On Monday, July 29, Tomko reported to work although he was "hurting pretty bad." He worked "putting this sheetrock up into the ceilings" and "made some boxes to go around lights." He complained to a fellow employee, Bill McGlothlin, that "his back [was] hurting real bad." Tomko also complained to Michael Picciolo, his employer, that "he had a pain in his leg."

The work on Monday completed the Tysons Corner job, and Tomko was "paid . . . off." On Tuesday, Tomko went to see Dr. John T. Lynn, an orthopedic surgeon. An informal report of Dr. Lynn dated July 30, 1968, began: "This patient is seen today complaining of pain and discomfort to the back. He states he injured his back while lifting sheet rock while at work at the Tyson's Corner Shopping Center."

In a report on a Commission form, Dr. Lynn answered an inquiry, "Employee's account of how injury . . . occurred," by stating that Tomko was "Putting up sheet rock, slipped and wrenched back." Dr. Lynn diagnosed Tomko's condition as "a herniated intervertebral disc at L5-S1 on the right side." The doctor recommended "conservative care," including medication, therapy, and wearing of a brace. At the time of the hearing before Commissioner Miller in December, 1968, Tomko was still wearing the brace and could work only part time.

On appeal, Tomko says that the question presented is: "How closely must a workman pinpoint the time of his injury?" Tomko then claims that the Commission denied him relief solely because he failed to fix the specific date on which he suffered injury. Thus, Tomko argues, the Commission "improperly interpreted" our holding in the case of *Aistrop* v. *Blue Diamond Coal Co.*, 181 Va. 287, 24 S.E.2d 546 (1943).

It is true that Commissioner Miller stated at one point in his opinion that Tomko "must, at the least, be able to point to a particular date as the time of his accident." But in another place in his opinion, the commissioner correctly stated the ruling enunciated in the *Aistrop* case to be that "the 'incident,' the act done or condition encountered, 'must be shown to have occurred at some reasonably definite time.' " 181 Va. at 293, 24 S.E.2d at 548.

An examination of Commissioner Miller's opinion shows that the ground for denial of relief to Tomko was that the evidence failed "to show that [Tomko's] injury was 'by accident' within the meaning of the Workmen's Compensation Act." And Tomko acknowledges that the finding of no accident was the actual basis of the Commission's decision because he states in his brief that the "Commission ruled that [his] herniated disc was of gradual growth and not compensable."

The real question before us, therefore, is whether Tomko sustained his burden of proving that he suffered injury "by accident" within the meaning of Code § 65.1-7.[1] Unless we can say as a matter of law that the evidence submitted by Tomko was sufficient to sustain his burden, then the Commission's finding that he did not suffer injury by accident is binding and conclusive upon us. Code § 65.1-98; *Williams* v. *Fuqua*, 199 Va. 709, 713, 101 S.E.2d 562, 566 (1958).

In *Virginia Electric, Etc., Co.* v. *Quann*, 197 Va. 9, 12, 87 S.E.2d 624, 626 (1955), relied upon by Tomko, we upheld an award of compensation for a ruptured disc. We said:

". . . [W]hen usual exertion results in actually breaking, herniating, or letting go with an obvious sudden mechanical or structural change in the body, whether external or internal, the injury is accidental. . . ."

The evidence submitted by Tomko, however, did not show that there was an "obvious sudden mechanical or structural change" in his body or that there was any causal connection between his work-induced exertion and the physical change which he did experience.

[1] "§ 65.1-7. *'Injury' defined.*—Unless the context otherwise requires, 'injury' and 'personal injury' mean only injury by accident, or occupational disease as hereinafter defined, arising out of and in the course of the employment and do not include a disease in any form, except when it results naturally and unavoidably from either of the foregoing causes."

Therein lies the difference between Tomko's evidence and that of the claimant in the *Quann* case.

Quann showed that while helping to lift a coil of wire, he "felt something pop or make a definite snap in [his] back." He made immediate complaint of pain to fellow employees, who corroborated his testimony. And Quann presented medical evidence showing that the act of helping to lift the coil of wire caused his ruptured disc.

Here, not even Tomko related his condition to any work-oriented event. Although he apparently told Dr. Lynn that he "slipped and wrenched" his back while "putting up sheet rock," he was not willing to testify before Commissioner Miller that his condition resulted from any such source. The most he would say in his testimony was that he "presumed" he hurt his back while at work on Friday or Saturday, July 26 or 27.

Tomko's first complaint to anyone on the job was not until Monday, July 29, when he told fellow-employee McGlothlin that his back was "hurting real bad." But even then, according to McGlothlin's testimony, Tomko "wondered how he hurt his back." The complaint made by Tomko to his employer on Monday was merely that "he had a pain in his leg" with no assertion that he had hurt himself on the job.

Tomko presented no medical opinion to show that his physical condition was work-connected nor was there any explanation of the lack of such evidence. It is significant that the opinion of Commissioner Miller made specific reference to the fact that "no physician" had said that Tomko's "disorder [was] the result of the work he performed."

We cannot say as a matter of law that Tomko sustained his burden of proving injury "by accident" within the meaning of Code § 65.1-7. Accordingly, the award of the Commission will be affirmed.

*Affirmed.*