COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Bray and Senior Judge Hodges


HILLARD HEGGIE THARP

v.   Record No. 2494-94-3                    MEMORANDUM OPINION[*]
                                                PER CURIAM
WILLIAM A. HAZEL CONSTRUCTION               MAY 23, 1995
AND
ROYAL INSURANCE COMPANY OF AMERICA


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (James B. Feinman, on briefs), for appellant.

            (Edward H. Grove, III; Brault, Palmer, Grove,
            Zimmerman, White & Mims, on brief), for appellees.


      Hillard Heggie Tharp (claimant) contends that the Workers'

Compensation Commission erred in finding that (1) his claim was

barred due to his failure to give timely notice to William A.

Hazel Construction ("employer") of his alleged May 10, 1993

accident; and (2) the employer was not required to show that it

was prejudiced due to an incomplete or defective notice.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

      Code § 65.2-600 prohibits an employee from receiving

compensation or physician's fees unless the employee has given

the employer written notice of the accident, or the employer had

knowledge of the accident.  Additionally, "[n]o defect or

_____
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby and then only to such extent as the prejudice."  Code § 65.2-200(E).  Unless we can say as a matter of law that the claimant's evidence sustained his burden of proving that the employer received timely notice of the claimant's alleged May 10, 1993 accident, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In finding that the claimant failed to meet his burden of proving notice, the commission found as follows:

> The claimant admits that he did not give timely notice of an accident on May 10, 1993 or even that his back condition at that time was work-related.  His only explanation for failure to give timely notice is that he was not asked, that the employer did not ask for details about his injury and its cause. However, the employer is under no obligation to investigate an accident that has not been reported and the burden is on the employee to give notice of one, so the employer's failure to ask for details would not justify the claimant's failure to report an accident in this case.  Moreover, the claimant's testimony that he was not asked about the cause of his injury was effectively rebutted by Townsend and Sutherland, and we find that notice was not given until after July 13, 1993 and the late notice was unjustified.  It is irrelevant that the employer has shown no prejudice as a result of the late notice, since that burden attaches only where the late notice was otherwise justified or where incomplete or defective notice of an accident was given.  Code Ann. § 65.2-600 (D-E).

The claimant admitted that he did not give notice of a work-

2

related accident to the employer until July 13, 1993, after he retained counsel. The claimant testified that, on May 10, 1993, he told his foreman, Townsend, that "my back was hurting and I was in bad shape." There is no evidence that the claimant told Townsend that he slipped as he descended from a construction equipment vehicle or that he gave Townsend any information concerning a work-related accident. When the employer's personnel manager, Sutherland, called the claimant on May 26, 1993, to ask why the claimant was not at work, the claimant did not tell Sutherland that he had sustained a work accident or a work-related injury. Townsend and Sutherland testified that the claimant told them his back was hurting, but that, despite being asked, he never stated that this condition was due to a work-related accident. As fact finder, the commission was entitled to accept the testimony of Townsend and Sutherland to rebut the claimant's contention that he was not asked about the cause of his injury.

Based upon this evidence, we cannot say as a matter of law that the commission erred in finding that the claimant failed to give timely notice of his alleged accident as required by Code § 65.2-600, and that the late notice was unjustified. The commission was also correct in holding that the employer was not required to show prejudice. The claimant's evidence did not show incomplete or defective notice, rather it showed that the claimant did not report any information concerning his alleged

3

May 10, 1993 accident to the employer within thirty days of its occurrence.

For these reasons, we affirm the commission's decision.

Affirmed.

4