COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

PINE RIDGE LANDSCAPING, INC.
AND
HARLEYSVILLE MUTUAL INSURANCE COMPANY    MEMORANDUM OPINION[*]
                            PER CURIAM
v.   Record No. 1386-95-4          OCTOBER 24, 1995

ERGIL R. SOLORZANO

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> (Cathie W. Howard; Williams & Pierce, on brief), for appellants.

> (Joseph T. Trapeni, Jr.; Trapeni, Romero & Malouf, on brief), for appellee.


Pine Ridge Landscaping Incorporated and its insurer (hereinafter collectively referred to as "employer") appeal a decision of the Workers' Compensation Commission (commission) that denied employer's application to vacate a June 30, 1993 award ("the award") in favor of Ergil R. Solorzano (claimant). Employer contends that the commission erred in denying its application on the basis that it failed to prove by clear and convincing evidence that claimant fraudulently procured the award. Finding no error, we affirm the commission's decision.

The commission has the implied power to vacate an award where, by clear and convincing evidence, the moving party proves that the award was procured by fraud or mutual mistake. Harris v. Diamond Constr. Co., 184 Va. 711, 721-22, 36 S.E.2d 573, 578

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

(1946).  In this case, the commission held that employer did not meet its burden of proving fraud or misrepresentation by clear and convincing evidence.  In so ruling, the commission found as follows:

> The employer's evidence consists solely of Lopez's testimony that he was paid $200 to testify for the claimant at the initial Hearing, as well as a written statement to the same effect.  The written statement was procured approximately 19 months after Lopez's first testimony and under circumstances which call into question the validity of the statement.  He was brought into the employer's office after an initial conversation in which Cumberland, Jr., spoke to him in a raised voice, causing him to be afraid.  In the office, Shively prepared a statement in English which Lopez then transcribed into Spanish and signed.  We note that he speaks only limited English and required a translator at both Hearings. Lopez testified that, at the time he prepared this statement, he was afraid that he might be assaulted.

> *       *       *       *       *       *       *

> In the Hearing held in December 1994, 24 months after the initial Hearing, Lopez testified that he lied at the first Hearing and that his written statement and current testimony were given of his own free will and were truthful.  It is clear that he testified falsely in one of the Hearings.  However, it is unclear as to which testimony was truthful.  The claimant testified that he did not pay Lopez to testify for him.  No other evidence was presented, except for the testimony to the effect that Lopez was not threatened.

Unless we can say as a matter of law that employer's evidence sustained its burden of proving fraud by clear and convincing evidence, the commission's findings are binding and

2

conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).  Based upon the nineteen-month period between the initial hearing and Lopez's written statement; the possibility that Lopez was threatened or forced into giving the statement; Lopez's uncertainty as to exactly what he lied about at the first hearing; and claimant's denial that he paid $200 to Lopez, we cannot say as a matter of law that the commission erred in finding that employer failed to establish fraud by clear and convincing evidence.

Furthermore, we find no merit in employer's contention that the commission erred in rejecting the deputy commissioner's credibility determination.  The deputy commissioner's finding that employer proved that claimant fraudulently obtained the award was based upon the substance of employer's witnesses' testimony at the December 6, 1994 hearing.  There is nothing in the deputy commissioner's opinion to indicate that the decision was based upon demeanor or appearance.  Accordingly, the credibility issue was as determinable by the full commission as it was by the deputy.  Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987); see also Kroger Co. v. Morris, 14 Va. App. 233, 236, 415 S.E.2d 879, 880-81 (1992).  Moreover, the full commission adequately articulated its basis for rejecting the deputy commissioner's decision.

For the reasons stated, we affirm the commission's decision. However, we remand this case for the commission to correct page

3

six of its opinion to accurately reflect the date upon which the award was terminated pursuant to the December 6, 1993 Agreed Statement of Fact (as referred to in employer's June 13, 1995 letter and the commission's June 28, 1995 letter).

<u>Affirmed and remanded.</u>