COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


ROY L. BLEVINS, SR.

v.   Record No. 1887-95-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
GILES COUNTY TECHNICAL CENTER/              JANUARY 23, 1996
GILES COUNTY PUBLIC SCHOOLS


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Joseph J. Steffen, Jr., on brief), for appellant.

          (John P. Grove; Woods, Rogers & Hazlegrove, on brief),
          for appellee.


     Roy L. Blevins, Sr., contends that the Workers' Compensation
Commission erred in finding that (1) his claim was barred due to
his failure to give timely notice to Giles County Technical
Center ("employer") of his March 18, 1988 injury by accident; and
(2) employer was not required to show that it was prejudiced by
Blevins's untimely notice.  Upon reviewing the record and the
briefs of the parties, we conclude that this appeal is without
merit.  Accordingly, we summarily affirm the commission's
decision.  Rule 5A:27.

     An employee is not entitled to receive compensation or
medical expenses unless the employee has given the employer
written notice of the accident within thirty days, unless the
employee had reasonable excuse or the employer had knowledge of

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the accident.  Code § 65.2-600.  Additionally, the Act provides that "[n]o defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby and then only to such extent as the prejudice."  Code § 65.2-200(E).  Unless Blevins proved as a matter of law that employer received timely notice of his alleged March 18, 1988 accident, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that Blevins failed to meet his burden of proving notice, the commission found that Blevins, who had a known history of back problems, informed the employer that he injured his back but failed to state that the injury was caused by his work.  No evidence proved that Blevins informed the employer within thirty days that his injury resulted from a work-related cause.  Indeed, Blevins admitted that he did not give notice of a work-related accident until August 1988.

Moreover, in light of his medical treatment during the thirty days immediately following the March 18, 1988 injury by accident, the commission was entitled to reject his assertion that he did not timely report his accident because he believed his injury was trivial.  The commission made the following findings:

> Counsel's argument that the injury was trivial is not persuasive.  Following this injury, [Blevins] returned to his treating chiropractor and received treatment on eight occasions within the ensuing 30 days.  There

2

> is no record of further medical treatment until August of 1988, when he was referred for orthopedic and neurologic follow-up. In light of this, [Blevins] cannot be heard to contend that he thought the injury was trivial and, therefore, the accident itself did not need to be reported to his employer. This fact distinguishes this case from those relied upon by counsel, in which lack of notice was excused. The claim is, therefore, fatally flawed at this point.

Based upon this record, we cannot say as a matter of law that the commission erred in finding that Blevins failed to give timely notice of his alleged accident as required by Code § 65.2-600 and that he failed to show a reasonable excuse for the late notice. The commission did not err in holding that employer was not required to show prejudice. Blevins's evidence did not show incomplete or defective notice; rather, it showed that he did not report a March 18, 1988 work-related accident to employer within thirty days of its occurrence.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

3