COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


TOWN OF LEBANON POLICE DEPARTMENT
AND
VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
v.   Record No. 1418-96-3                      NOVEMBER 26, 1996

ALBERT VERNON COLEMAN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (John P. Grove; Frank K. Friedman; Woods,
            Rogers & Hazlegrove, on briefs), for
            appellants.

            (Gerald F. Sharp; Browning, Lamie & Sharp, on
            brief), for appellee.


        Town of Lebanon Police Department and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission erred in finding that

employer's evidence failed to rebut the statutory presumption

that Albert Vernon Coleman's heart disease was occupational.

Code § 65.2-402(B).  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

        Coleman worked as a police officer for the Town of Lebanon

for eight years.  On June 30, 1995, he sought treatment at the

Russell County Medical Center emergency room, complaining of

────────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

chest pains, pain radiating down both arms, nausea, and dizziness.  Dr. Omar Hallack, the attending physician, diagnosed a myocardial infarction.  On July 6, 1995, Dr. Clair Hixson examined Coleman, diagnosed a non-Q wave myocardial infarction, and recommended that Coleman undergo left heart catheterization.  On July 7, 1995, Dr. Thomas Bulle, a cardiac surgeon, performed the procedure.

Coleman's medical history indicated that he smoked one and one-half packs of cigarettes per day, had an elevated cholesterol level, and had a family history of hypertension and diabetes.  Dr. Bulle testified that the risk factors for coronary artery disease include smoking, hypertension, abnormalities of lipid cholesterol in the bloodstream, diabetes, family history of premature heart disease, and male gender.  However, Dr. Bulle stated that he could not pinpoint the exact cause of Coleman's heart attack.  Dr. Bulle admitted that a correlation exists between stressful life events, including stressful work, and the occurrence of a coronary event.  Dr. Bulle testified that he "certainly couldn't say that [Coleman's occupation] didn't cause [his heart attack]."

Code § 65.2-402 provides that "heart disease . . . resulting in total or partial disability of [a police officer] . . . shall be presumed to be [an] occupational disease[], suffered in the line of duty, . . . unless such presumption is overcome by a preponderance of competent evidence to the contrary."  Thus, to

2

rebut the presumption, an employer must establish by competent medical evidence a non-work-related cause of the employee's heart disease. City of Norfolk v. Lillard, 15 Va. App. 424, 430, 424 S.E.2d 243, 246-47 (1992). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that employer failed to rebut the presumption, the commission found that employer failed to exclude job-related stress as a possible contributing cause of Coleman's heart disease. Although Dr. Bulle opined that various risk factors contributed to the development of Coleman's coronary artery disease, Dr. Bulle did not exclude occupational stress as a contributing cause of Coleman's heart attack. "[T]he showing of 'risk factors' alone does not rebut the statutory presumption and does not establish competent medical evidence of a non-work-related cause of the disabling disease." Lillard, 15 Va. App. at 429, 424 S.E.2d at 246. No medical evidence proved either that a non-work-related factor caused Coleman's heart attack or that work-related stress was not a contributing cause of his disability.

Accordingly, we affirm the commission's decision.

Affirmed.