COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


BRADFORD S. DAME

v.   Record No. 3129-96-1                    MEMORANDUM OPINION*
                                                 PER CURIAM
LOCKWOOD CARPETS, INC.                        MAY 27, 1997
AND
STATE FARM INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (John H. Klein; Matthew H. Kraft; Rutter &
               Montagna, on brief), for appellant.

               (Ruth Nathanson; Midkiff & Hiner, on brief),
               for appellees.


          Bradford S. Dame (claimant) contends that the Workers'

Compensation Commission (commission) erred in not awarding him

compensation benefits after July 3, 1995 based upon its finding

that he unjustifiably refused medical treatment.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

          "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground

of change in condition, the burden is on the party alleging such

change to prove his allegations by a preponderance of the

evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App.

459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On September 12, 1992, claimant sustained an injury by accident arising out of and in the course of his employment to his back and knee.  Pursuant to awards of the commission, claimant received temporary total and temporary partial disability benefits for various periods of time following his injury.  On March 3, 1995, claimant filed an application seeking an award of temporary total disability benefits commencing December 28, 1994.

The medical evidence showed that on January 17, 1995, after working briefly as a painter's assistant, claimant returned to Dr. Douglas Griffin, complaining of increased back pain and an inability to work.  Dr. Griffin diagnosed myofascial low back pain and prescribed physical therapy and medication.  When next examined by Dr. Griffin on May 23, 1995, claimant's condition remained unchanged.  Dr. Griffin then referred claimant to the Medical College of Virginia Pain Management Center (MCV) for evaluation and treatment, and recommended that claimant not work until seen at MCV.  Claimant testified that Dr. Griffin told him he would make an appointment at MCV for claimant.  Neither Dr.

Griffin nor employer ever made an appointment for claimant at MCV.

On June 12, 1995, Dr. Griffin wrote to claimant's attorney, reiterating that he had "literally transferred" claimant's care to MCV and that claimant should not return to work until seen at MCV. At no time after May 23, 1995 did claimant contact MCV for an appointment nor did he ever return to Dr. Griffin for treatment of his back condition, although he saw Dr. Griffin in April 1996 for an unrelated shoulder problem.

Based upon this record, the commission found that "[w]hile the claimant did not affirmatively refuse any medical treatment provided by the employer, he also made no effort to secure an appointment at MCV, even after his attorney was advised by Dr. Griffin on June 12, 1995, that he had transferred the claimant's care to MCV." Recognizing that it might have taken several weeks to secure an appointment at MCV, the commission awarded temporary total disability benefits to claimant for a period of three weeks after June 12, 1995, terminating benefits as of July 3, 1995. The commission held that claimant failed to prove continuing disability after that date.

Based upon claimant's failure to seek medical treatment for his compensable injuries from May 23, 1995, when Dr. Griffin referred him to MCV, to the June 27, 1996 hearing date, the commission was entitled to conclude that claimant failed to prove continuing disability after July 3, 1995. As the commission

noted, it is not required to "presume a continuing disability."
Based upon the lack of evidence of a continuing disability after
July 3, 1995, we cannot find as a matter of law that claimant
proved he was entitled to an award of temporary total disability
benefits after that date.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>