COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JOSEPH BERTRAM PACKETT, III

MEMORANDUM OPINION[*]
v.    Record No. 1752-98-2                    PER CURIAM
                                           JANUARY 19, 1999
POTOMAC SUPPLY CORPORATION AND
 FIREMAN'S FUND INSURANCE
 COMPANY OF WISCONSIN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Joseph Bertram Packett, III, pro se).

            (Daniel E. Lynch; John T. Cornett, Jr.;
            Williams & Lynch, on brief), for appellees.


        Joseph Bertram Packett, III ("claimant") contends that the

Workers' Compensation Commission ("commission") erred in finding

that his claim was barred due to his failure to give timely

notice of his alleged July 31, 1996 injury by accident to Potomac

Supply Corporation ("employer") as required by Code § 65.2-600.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

        An employee is not entitled to receive compensation or

medical expenses unless the employee has given the employer

written notice of the accident within thirty days, unless the

employee had reasonable excuse or the employer had knowledge of

the accident.  See Code § 65.2-600.  Unless claimant proved as a

―――――――――――――――――
        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

matter of law that either he gave employer timely notice of his alleged July 31, 1996 accident; that employer had actual knowledge of the accident; or that claimant was justified in failing to give timely notice, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant failed to meet his burden of proof, the commission made the following findings:

> The claimant testified at length about communications he had with various personnel at the employer with regard to his condition. At one point, the claimant began by saying that he specifically told Mr. Clegg that he tripped over a cord.  However, he immediately recanted this statement and admitted that "well, I didn't tell him, I just pointed to it, showed him the fan[.]"  Other statements by the claimant were equally vague and, at times, internally inconsistent. . . .
>
> Representatives of the employer[, including John Clegg, David Rector, Richard Connelly, and Ann Swann,] uniformly denied having been notified by the claimant of his alleged accident of July 31, 1996.  Both Mr. Rector and Ms. Swann testified that the claimant referred only generally to pain he was having with his back.  He did not mention any difficulty with his neck.  They also stated that the claimant did not refer to a specific accident or event that may have occurred on July 31.  The testimony of the employer's representatives is in a conflict with that offered by the claimant, and the Deputy Commissioner implicitly resolved the conflict in favor of the employer.  We will not disturb such determinations here.

The commission's findings are amply supported by the record. As fact finder, the commission was entitled to weigh the evidence and to resolve the inconsistencies in the witnesses'

testimony in favor of employer.  It is well settled that credibility determinations are within the fact finder's exclusive purview.  See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  The commission was free to accept the testimony of employers' witnesses.  Based upon their testimony, we cannot find as a matter of law that claimant's evidence sustained his burden of proving that employer had actual knowledge of his alleged accident; that he gave timely notice of his alleged accident as required by Code § 65.2-600; or that he had a reasonable excuse for giving late notice.[1]

For these reasons, we affirm the commission's decision.

Affirmed.

---

[1] Claimant argues that Employer's First Report of Accident, filed with the commission on December 5, 1996, established that claimant notified employer of his alleged accident.  This argument is without merit.  The report, filed after claimant filed his Claim for Benefits, clearly stated that claimant did not make employer aware of any "specific accident, incident, or injury . . . ."