COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


RUTH LIDDELL

                                        MEMORANDUM OPINION*
v.    Record No. 2746-98-4                 PER CURIAM
                                          MAY 18, 1999
INOVA FAIRFAX HOSPITAL AND
 INOVA HEALTH SYSTEM FOUNDATION, INC.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Ruth Liddell, pro se, on brief).

          (William L. Carey; McCandlish & Lillard, on
          brief), for appellees.


     Ruth Liddell contends that the Workers' Compensation

Commission ("commission") erred in finding that she failed to

prove that her left shoulder rotator cuff tear was causally

related to her compensable September 15, 1996 injury by accident.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Unless

we can say as a matter of law that claimant's evidence sustained

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

her burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In finding that Liddell failed to prove that her left rotator cuff tear was causally related to the September 15, 1996 injury by accident, the commission found as follows:

> We . . . are unwilling to infer causation under the facts of this case.  Liddell admitted that she suffered from significant pre-existing shoulder problems.  On September 30, 1996, Dr. [Robert] Stinger indicated that [Liddell's] work injury had resolved.  [Liddell's] rotator cuff tears were not diagnosed until March 1997.  At that time, Liddell was diagnosed with a rotator cuff tear of the right shoulder as well as the left shoulder, even though there is no evidence that the right shoulder was injured at the time of her industrial accident.  Under these facts, we can only speculate whether the claimant's left rotator cuff tear was caused by the work accident . . . .

The commission's findings are amply supported by the record.  Based upon the lack of any persuasive medical evidence to connect Liddell's left shoulder rotator cuff tear with her compensable work injury, we cannot say as a matter of law that her evidence sustained her burden of proving causation.

For these reasons, we affirm the commission's decision.

Affirmed.