COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


RITA F. SHIFFLETT
                                          MEMORANDUM OPINION*
v.    Record No. 2816-01-2                    PER CURIAM
                                           APRIL 16, 2002
CONAGRA FROZEN FOODS


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Norman Lamson, on briefs), for appellant.

               (Kerri Borchardt Taylor; Morin & Barkley, on
               brief), for appellee.


     Rita F. Shifflett (claimant) contends the Workers'

Compensation Commission erred in finding she failed to prove (1)

that she sustained an injury by accident arising out of and in

the course of her employment on November 17, 1998, resulting in

neck problems; and (2) that her May 1999 and October 1999 neck

problems were causally related to the November 17, 1998 injury

by accident.  Upon reviewing the record and the parties' briefs,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     "In order to carry [the] burden of proving an 'injury by

accident,' a claimant must prove that the cause of [the] injury

was an identifiable incident or sudden precipitating event and

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The full commission affirmed the deputy commissioner's finding that claimant failed to prove that she sustained an injury by accident on November 17, 1998, but rather that her neck strain was the result of non-compensable cumulative trauma. In so ruling, the deputy commissioner found as follows:

> The claimant asserts that on [the] morning [of November 17, 1998] she was lifting heavy vegetable boxes and throwing them down to break the frozen contents for eventual use in food production lines. At her first visit to the employer's nursing station, she reported a pinch in her neck one week prior, no trauma or precipitating factors, and she had mentioned the neck pinch one week prior, being advised to use heat. At the visit that day with Dr. [Charles] Thurber, he also mentioned no history of injury, and that she related the pinching as far back as 1996, which was exacerbated with heavy lifting. The note from her subsequent first visit with Spectrum Therapy also refers to her lifting objects overhead when she was injured from which she felt difficulties from the activity for "several weeks." This evaluation, which occurred three days after the alleged injury negates, as do the other medical reports, a specific singular precipitating event to which the claimant testified. It is contrary to normal

- 2 -

> credibility to have three consistent medical reports denying a specific traumatic event when a claimant expresses that the contrary occurred.
>
> We are not persuaded that the claimant, who from the medical records has had a history of neck condition, sustained a new injury on November 17, 1998, as opposed to a flare-up of her continuing problems as a result of repetitive lifting of heavy objects.

Based upon the medical histories, the commission, as fact finder, was entitled to reject claimant's testimony regarding the happening of a specific identifiable incident on November 17, 1998 resulting in a neck injury. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Accordingly, we cannot find as a matter of law that claimant's evidence sustained her burden of proving that a specific indentifiable incident occurring at work on November 17, 1998 resulted in her neck condition.

Because our ruling on this issue disposes of this appeal, we need not address the remaining issue raised by claimant. Therefore, we affirm the commission's decision.

Affirmed.