COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Clements and Senior Judge Bray


UNIVERSAL LIVING AND
 COMMONWEALTH CONTRACTORS GROUP
 SELF-INSURED ASSOCIATION

                                           MEMORANDUM OPINION*
v.    Record No. 0981-02-1                     PER CURIAM
                                            SEPTEMBER 24,2002
KURT F. STALCUP


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (Todd G. Patrick; Mark S. Davis; Carr &
                  Porter, LLC, on briefs), for appellants.

                  (Mary G. Commander, on brief), for appellee.


     Universal Living and its insurer (hereinafter referred to

as "employer") contend the Workers' Compensation Commission

erred in denying its application alleging a change in condition

on the ground that employer failed to prove that Kurt F.

Stalcup's (claimant) current disability was not causally related

to his compensable May 22, 2000 injury by accident.  Upon

reviewing the record and the parties' briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

     "General principles of workman's compensation law provide

that 'in an application for review of any award on the ground of

─────────────────

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In May 2000, claimant, a carpenter, sustained a compensable back injury while installing a Jacuzzi in a house. Prior to that accident, claimant had back surgery in 1998. After the 1998 surgery, claimant returned to full-duty work as a carpenter and participated in bowling, baseball, and softball activities.

Dr. Colin Hamilton, an orthopedist, began treating claimant on June 16, 2000, upon a referral from Dr. Randall Fedro, who examined claimant immediately after the accident. Dr. Hamilton suspected claimant had degenerative disc disease with a probable acute annular disc tear. A June 7, 2000 MRI, reviewed by Dr. Hamilton, showed that "definite recurrent HNP cannot be verified." Claimant's condition continued to worsen, and Dr. Hamilton recommended physical therapy.

Claimant underwent an epidural steroid injection, but continued to have pain through September and October 2000.

After a second injection, he began having right-sided symptoms. After a third injection, claimant's leg pain resolved, but he continued to suffer from back pain. Dr. Hamilton opined that "it would be difficult to state that [claimant's] continuing low back symptoms are specifically related to his putting the Jacuzzi into the frame on 5-19-00 and more likely to be secondary to the chronic degenerative disc disease of his lumbar spine."

In Dr. Hamilton's May 4, 2001 deposition, based upon the lack of appreciable findings on the June 2000 MRI, Dr. Hamilton reiterated that claimant's continuing back problems were not related to the May 2000 accident, but rather were related to his degenerative disc disease.

On June 1, 2001, Dr. Grant Skidmore, a neurosurgeon, examined claimant upon referral from Dr. Fedro. Dr. Skidmore was aware of the history of claimant's May 2000 accident, his subsequent treatment, as well as his 1998 back surgery. Dr. Skidmore ordered a repeat MRI, which showed an area at the L3-4 level that "appears to represent a small disc protrusion or disc fragment" that was not "seen with certainty on the previous study."

On September 13, 2001, Dr. Skidmore opined that the May 2000 compensable accident exacerbated claimant's back condition, causing claimant's current symptoms. Dr. Skidmore noted that claimant was doing well and not receiving any treatment before

- 3 -

the May 2000 accident, but had suffered from back symptoms since then.

Based upon this record, the commission found that employer failed to prove that claimant's continuing problems were not the result of the May 2000 compensable accident. As fact finder, the commission weighed the medical evidence, accepted Dr. Skidmore's opinion, and rejected the contrary opinion of Dr. Hamilton. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Dr. Skidmore's opinion was based on a more definitive MRI study not available to Dr. Hamilton. Moreover, as the commission noted, claimant had "continuous problems since the May 2000 accident compared with his stable condition before the accident." Accordingly, based upon this record, we cannot find as a matter of law that employer's evidence sustained its burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.