COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Clements and Senior Judge Bray


JOHN J. McCLURE, JR.

                                    MEMORANDUM OPINION*
v.    Record No. 1735-02-3              PER CURIAM
                                     SEPTEMBER 24, 2002
LEO'S EXTERMINATING COMPANY AND
 AMERICAN INTERSTATE INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (John J. McClure, pro se, on brief).

           No brief for appellees.


     John J. McClure, Jr. (claimant) contends the Workers'

Compensation Commission erred in finding that he failed to prove

fraud, by clear and convincing evidence, as a ground for

vacating the commission's February 20, 2001 opinion denying his

May 8, 2000 Claim for Benefits.  Specifically, claimant argues

that his witnesses were not permitted to testify at the July 5,

2000 evidentiary hearing regarding his May 8, 2000 claim and

that Deputy Commissioner Dely improperly denied claimant's right

to subpoena witnesses to testify at the September 12, 2001

hearing on his fraud claim.  Claimant also alleges fraudulent

conduct by his former attorney, employer's physicians, and

employer's attorney.  Upon reviewing the record and opening

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

The commission has the implied power to vacate an award where, by clear and convincing evidence, the moving party proves that the award was procured by fraud or mutual mistake. Harris v. Diamond Constr. Co., 184 Va. 711, 721-22, 36 S.E.2d 573, 578 (1946). Unless we can say as a matter of law that claimant's evidence sustained his burden of proving fraud by clear and convincing evidence, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Our review of the record does not reveal clear and convincing evidence of fraud necessary to vacate the commission's February 20, 2001 decision. We agree with Deputy Commissioner Dely's holding set forth in his January 28, 2002 opinion, and affirmed by the commission, as follows:

> Upon consideration of the entire record in this case, we find no grounds for the claimant's allegation of fraud involving the Deputy Commissioner's Opinion in this case, or against any of the parties who participated in these proceedings. [Claimant] has presented no evidence of fraud, only disagreements as to factual and medical issues interpretations, which do not constitute fraud.

In short, claimant seeks to have his May 8, 2000 Claim for Benefits re-litigated. However, absent fraud, which claimant

has failed to prove by clear and convincing evidence, the commission's February 20, 2001 decision, for which claimant withdrew his appeal to this Court, is final and binding upon the parties and this Court. Claimant's bare assertions of fraud, not supported by clear and convincing evidence, are not sufficient grounds to vacate the commission's opinion.

We also agree with the commission's finding that "since the earlier Commission decision was based upon primarily the medical reports, it was not appropriate to subpoena additional witnesses."

Code § 65.2-202 provides that attendance of witnesses "shall be required by subpoena of the Commission upon timely request therefor by any party to a proceeding before it, unless the Commission finds that the issuance of such subpoena is for dilatory purposes, would cause substantial inconvenience to such witnesses, or is not likely to produce significant relevant evidence."

In an August 21, 2001 letter to claimant, Deputy Commissioner Dely concluded that compelling attendance of the six witnesses requested by claimant would cause them substantial inconvenience. Therefore, the deputy commissioner examined each subpoena request to determine the relevancy of the anticipated testimony. He concluded that the witnesses' testimony either would add no significant relevant information, was irrelevant to

the issues, or did not pertain to a matter under the commission's jurisdiction.

After carefully reviewing Deputy Commissioner Dely's August 21, 2001 letter outlining the reasons for his denial of claimant's subpoena requests for witnesses to testify at the September 12, 2001 hearing and the record in this case, we find no abuse of discretion in the deputy commissioner's refusal to issue the six witness subpoenas.

Based upon this record, we cannot find as a matter of law that claimant's evidence established fraud by clear and convincing evidence.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>