COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


KENNETH R. HASH
                                    MEMORANDUM OPINION*
v.    Record No. 2766-02-3               PER CURIAM
                                      FEBRUARY 25, 2003
MOTIVATION COAL COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (D. Allison Mullins; Lee & Phipps, P.C., on
          brief), for appellant.

          (Michael F. Blair; Lisa Frisina Clement;
          PennStuart, on brief), for appellee.


     Kenneth R. Hash (claimant) contends the Workers'

Compensation Commission erred in finding that he failed to prove

that he sustained an injury by accident arising out of and in

the course of his employment in October 2001.  Upon reviewing

the record and the parties' briefs, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     "In order to carry [the] burden of proving an 'injury by

accident,' a claimant must prove that the cause of [the] injury

was an identifiable incident or sudden precipitating event and

that it resulted in an obvious sudden mechanical or structural

change in the body."  Morris v. Morris, 238 Va. 578, 589, 385

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

S.E.2d 858, 865 (1989).  Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant testified that in mid-October 2001, "I was running a dozer in the shot and slid off a rock.  It was a big jar, and I instantly noticed pain in my leg."  He claimed that he hurt his right hip.  He stated that he reported the incident to his foreman, David Scott, that same day, and to his co-workers, Roger Williams and Neil Steel, that same evening.  He testified that on some later occasion in employer's parking lot, he told Gary Dotson, the mine superintendent, that his hip was hurting, but he did not know what was wrong.

Claimant continued to work until November 12, 2001.  He first sought medical treatment on November 3, 2001, when "the pain got so bad that I couldn't take it so I got on the radio, hollered for the job foreman."

Steel, who carpooled with claimant during October 2001, testified that at some point when claimant got into his car for a ride home after a shift, claimant said "he ran over a rock in a dozer, and it chilled him pretty good and pain went down his legs."

Scott testified that on November 3, 2001, claimant called him on his CB radio and told him he was experiencing back and

- 2 -

hip pain that had been bothering him for a couple of days. Claimant did not tell Scott that he had been injured on the job. Scott testified that claimant never told him about any work-related incident and that he first learned of the incident when Dotson told him about it sometime between November 15 and November 20, 2001. Steel did not mention any job injury to Scott.

Dotson testified that on November 12, 2001, claimant complained of pain, but denied that he had gotten hurt. On November 15, 2001, claimant called Dotson wanting "to know basically how he needed to file his claim, insurance or comp." Dotson reminded claimant of their November 12, 2001 conversation wherein he denied getting hurt. Dotson denied that claimant told him he had informed Scott about the incident, and he denied that claimant told him about any accident involving a bulldozer. On November 15, 2001, Dotson called claimant to explain the procedures for filing a compensation or insurance claim. On November 16, 2001, claimant called Dotson to advise that he was going to file a workers' compensation claim. Dotson testified that he told claimant that he needed to complete an accident report, and he reminded claimant of the procedure. He also told claimant that he believed that because there was no specific incident, the claim would be denied.

Judy Hankins, the RN case manager, called claimant on November 15, 2001, after she learned that he was reporting he

had been injured on the job.  When she asked Hash if he had been injured, he could not identify a date of injury.  He asked his wife to check his calendar, and she told claimant and Hankins that it had been on October 31, 2001.  Hankins stated that claimant told her about two separate incidents:  one in which he had right hip pain while running a dozer reclaiming a steep slope on October 31, 2001, and one that occurred on some earlier unspecified date.  In describing the earlier incident, claimant told Hankins that "[h]e was pushing an overburden after a shot with a dozer, and the dozer slipped off a rock and jarred him," and "[he] went numb all over for a while."  Claimant told Hankins that he reported that incident to Scott.

In claimant's February 5, 2002 deposition, made a part of the record, he denied that the accident occurred on October 31, 2001.  Rather, he claimed that it occurred in mid-October 2001.  However, he could not identify a date, day of the week, or time of day the alleged incident occurred.

On November 3, 2001, claimant sought medical treatment at the emergency room at St. Mary's Hospital.  The triage notes indicate that claimant had right hip pain of several days, but that he denied any trauma or injury.  He also denied any past history of hip pain.  The physician's notes report that claimant had worsening right hip pain for about a week with no history of injury.  Claimant's right hip was x-rayed, and he was diagnosed

- 4 -

with bursitis.  A November 8, 2001 MRI suggested a right L5-6 disc herniation.

On November 16, 2001, Dr. D. Kevin Blackwell examined claimant, noting that claimant reported symptoms "for the last 2 weeks after he was injured while operating a dozer.  He believes that he jarred himself on the equipment."  Dr. Blackwell referred claimant to Dr. Woods for further evaluation.  On a form completed by claimant for Dr. Blackwell, claimant indicated that the injury occurred on November 3, 2001 at 1:30.

On November 21, 2001, claimant presented to the St. Mary's Outpatient Clinic with ongoing right hip pain.  Those notes indicate, "S/P Injury on job on 11-3-01."  The physician noted an injury date of "11/3/01."

On January 7, 2002, Dr. Ken W. Smith recorded the following history reported by claimant:

> In mid-October he was operating a bulldozer at his place of employment when the bulldozer slid off a rock, causing the cab of the dozer to jar harshly.  He reports after the jar he immediately had onset of right lower extremity pain.

Studies ordered by Dr. Smith confirmed the diagnosis of a disc herniation, and Dr. Smith recommended surgery.

On December 17, 2001, claimant's physical therapist recorded that "in October 2001 while operating a dozer at work, the dozer slid off a rock jarring his back and right hip."

- 5 -

Dr. Smith performed surgery on claimant on January 9, 2002. In response to written questions from claimant's counsel, Dr. Smith opined that claimant's disability was caused by his "October 1, 2001 injury."

In affirming the deputy commissioner's denial of claimant's application, the commission found as follows:

> The weight of the evidence suggests that the claimant did injure his back at work. However, he has not proven that his back injury was caused by an accident which occurred at a particular time and in a particular place and in a particular incident, and that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body. The claimant did state rather consistently that he jarred his back while operating a bulldozer in mid October. However by the time he sought medical treatment in November, he did not identify a causative injury, and seemed to attribute his problem to work activities on October 31, 2001. The record as a whole does not establish that it was the incident at an undetermined time in mid October, which caused the disc problem, as opposed to repetitive work culminating on October 31.

(Citation omitted.)

It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Given the numerous irreconcilable inconsistencies and contradictions in the record as to when and how claimant injured himself, the commission, as fact finder, was entitled to reject

- 6 -

claimant's testimony and to conclude that the evidence, taken in its entirety, was insufficient to prove by a preponderance that claimant sustained an identifiable incident or sudden precipitating event that caused an obvious sudden mechanical or structural change in his body.

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained his burden of proving a compensable injury by accident. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>