COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Clements and Senior Judge Bray


CHEVY CHASE BANK F S B AND
 VIGILANT INSURANCE COMPANY

                                          MEMORANDUM OPINION*
v.    Record No. 2538-02-4                    PER CURIAM
                                          FEBRUARY 25, 2003
DONALD M. JOHNSON


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                 (Robert C. Baker, Jr.; Dobbs & Baker, on
                 brief), for appellants.

                 (Alan C. Siciliano; DeCaro, Doran, Siciliano,
                 Gallagher & DeBlasis, LLP, on brief), for
                 appellee.


      Chevy Chase Bank F S B and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that employer failed to prove that

Donald M. Johnson (claimant) was able to return to his

pre-injury work as of July 13, 2001.  Upon reviewing the record

and the parties' briefs, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

      "General principles of workman's compensation law provide

that 'in an application for review of any award on the ground of

change in condition, the burden is on the party alleging such

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proving that claimant was able to perform all of the duties of his pre-injury employment, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's application, the commission found as follows:

> Dr. [Sheldon] Margulies opined in July 2001 that the claimant was capable of part-time work but that he could not perform all of the duties of his full time pre-injury employment. Dr. Margulies has treated the claimant since August 2000, and we defer to that doctor's opinions regarding the claimant's work status. Although Dr. [Melissa] Neiman opined that the claimant could perform all of his pre-injury work duties on a full time basis, Dr. Neiman concurred in the opinion that the claimant suffered from post-traumatic headache syndrome.
>
> We have not overlooked the videotapes. These videotapes show the claimant performing on stage on three different occasions over a one and a half year period. However, it does not appear that the videotapes were shown to Dr. Margulies. The Deputy Commissioner, who observed the videos and observed the claimant at the hearing, held that the videotapes were less sufficient than the treating physician's

> opinion regarding the claimant's work
> status.  The record is not sufficient to
> overcome this determination.

Dr. Margulies's medical records and opinions amply support the commission's findings.  As fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. Margulies's opinion, to reject Dr. Neiman's contrary opinion, and to give little probative weight to the videotapes. It is well settled that credibility determinations are within the fact finder's exclusive purview.  <u>Goodyear Tire & Rubber Co. v. Pierce</u>, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission."  <u>Penley v. Island Creek Coal Co.</u>, 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In light of Dr. Margulies's opinion and the commission's credibility determination, we cannot find as a matter of law that employer's evidence sustained its burden of proof. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>