COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, McClanahan and Senior Judge Coleman


S.B. COX READY MIX, INC. AND
 CLARENDON NATIONAL INSURANCE COMPANY
                                        MEMORANDUM OPINION*
v.    Record No. 1080-03-2                  PER CURIAM
                                         SEPTEMBER 16, 2003
WAYNE J. SAUNDERS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Robert C. Baker, Jr.; Dobbs & Baker, on
              brief), for appellants.

              (Gregory O. Harbison; Geoffrey R. McDonald &
              Associates, on brief), for appellee.


     S.B. Cox Ready Mix, Inc. and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that it failed to prove that

Wayne J. Saunders (claimant) was fully capable of performing all

of the duties of his pre-injury work as of May 20, 2002.  Upon

reviewing the record and the parties' briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

     "General principles of workman's compensation law provide

that 'in an application for review of any award on the ground of

change in condition, the burden is on the party alleging such

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that the medical evidence showed that claimant might be capable of light-duty employment, but that employer failed to establish that claimant could fully perform his pre-injury work, the commission found as follows:

> [E]mployer's first examining IME physician, Dr. [E. Claiborne] Irby, [Jr.,] opined that the claimant had reached maximum medical improvement by November 20, 2001, and that, as of January 15, 2002, the claimant could not lift more than ten pounds. Dr. Irby believed that the claimant could drive but noted further that the claimant could sit only "intermittently"—thereby implying that the claimant could not sit, and drive, for long periods of time.
>
> The opinion of Dr. [J. Kim] Harris with respect to the claimant's physical capabilities and ability to drive does not differ substantially from the opinion of Dr. Irby. Dr. Harris has indicated that the claimant could work "part-time" and drive for short periods of time but has stated further, based upon his understanding of the employer's business, that the claimant's ability to work "light duty" for the employer is unrealistic.

- 2 -

The Commission traditionally gives greater weight to the unequivocal opinion of a claimant's treating physician than to the opinion of an employer's examining physician-in this case Dr. [Douglas A.] Wayne. We find no reason not to apply this principle in the present case, particularly when, as explained above, the employer's other expert has also recommended restrictions with respect to the claimant's ability to work. We note further that Dr. Wayne's opinion with respect to the claimant's ability to work is based, at least in part, upon his conclusion that the claimant exhibited no "objective" symptoms of radiculopathy. However, there is objective evidence of the claimant's radiculopathy-shown in the claimant's EMG taken on December 11, 2001.

Under the circumstances, we are not persuaded by Dr. Wayne's opinion that the claimant is capable of fully performing the duties of his pre-injury employment. Instead, we accept the opinion of Dr. Harris, the claimant's treating physician, that the claimant is unable to return to his full duties as the operator of a concrete truck.

In its role as fact finder, the commission was entitled to weigh the medical evidence, accept the opinion of the treating neurologist, Dr. Harris, and reject the contrary opinion of Dr. Wayne, who examined claimant on one occasion. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Thus, based upon this record, we cannot find as a matter of law that employer's evidence sustained its burden of proving claimant was fully capable of

performing all of the duties of his pre-injury employment as of May 20, 2002.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>