COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Alston and Senior Judge Coleman
Argued at Richmond, Virginia


REGINALD LYON

                                                         MEMORANDUM OPINION[*] BY
v.        Record No. 2311-11-2                           JUDGE ROSSIE D. ALSTON, JR.
                                                         MAY 8, 2012

THE SALVATION ARMY AND
 ZURICH AMERICAN INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Zenobia J. Peoples for appellant.

            Rachel A. Riordan (Kalbaugh Pfund & Messersmith, on brief), for
            appellees.


      Reginald Lyon (claimant) appeals the Workers' Compensation Commission's denial of

temporary total disability benefits after October 18, 2010.  Claimant alleges that the commission

erred in finding there was no evidence of his disability after that date.  For the following reasons,

we agree and reverse and remand to the commission for further proceedings consistent with this

opinion.

                                     BACKGROUND[1]

      The facts of this case are set forth in more detail in this Court's opinion in Salvation

Army v. Lyon, Record No. 2299-11-2 (Va. Ct. App. May 8, 2012).  For purposes of this appeal,

we note that Dr. Shannon Wolfe of Tuckahoe Orthopaedic Associates completed a form entitled

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

Attending Physician's Report regarding claimant's injury. In this report, Dr. Wolfe indicated that he had treated claimant on June 14, 2010, July 12, 2010, August 13, 2010, August 23, 2010, September 20, 2010, and October 18, 2010. The report stated that a "disability for work" existed as a result of claimant's April 20, 2010 work accident and began on August 13, 2010. Under a box on the form labeled "Date able to return to light work," Dr. Wolfe wrote, "to be determined next visit." Under a box labeled "Date able to return to regular work," Dr. Wolfe wrote, "n/a."

ANALYSIS

Claimant alleges that the commission erred in finding that he was not disabled after October 18, 2010.

> "[A] party seeking [workers'] compensation bears the burden of proving his disability and the periods of that disability." Marshall Erdman & Assocs. v. Loehr, 24 Va. App. 670, 679, 485 S.E.2d 145, 149-50 (1997). Furthermore, "[t]here is no presumption in the law that once a disability has been established, a claimant will be assumed to remain disabled for an indefinite period of time." Id. at 679, 485 S.E.2d at 149. Whether [a claimant] suffered a continuing disability is also a question of fact. Id.

Hoffman v. Carter, 50 Va. App. 199, 216, 648 S.E.2d 318, 327 (2007). Findings of fact by the commission "will be upheld on appeal if supported by credible evidence." James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings regarding the period of disability are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Recognizing the significant evidentiary burden confronting claimant, we hold that, as a matter of law, claimant's evidence proved that his period of disability continued beyond October 18, 2010. Dr. Wolfe's Attending Physician's Report indicated that he had treated claimant on October 18, 2010. The report also stated that claimant's ability to return to light-duty work would be determined at his next visit, implying that claimant was unable to return to light-duty

work as of October 18, 2010, and continuing until at least his next visit.  Moreover, under the box labeled "Date able to return to regular work," Dr. Wolfe wrote, "n/a," the common abbreviation for "not applicable," see Merriam-Webster's Collegiate Dictionary 823 (11th ed. 2005), thereby implying that claimant was unable to return to regular duty work as of at least his last examination on October 18, 2010, and continuing until at least his next visit.  This evidence was sufficient to sustain claimant's burden to prove that his period of disability continued beyond October 18, 2010.

Contrary to the employer's position, the instant case is factually and legally distinguishable from Hoffman, 50 Va. App. 199, 648 S.E.2d 318, and Loehr, 24 Va. App. 670, 485 S.E.2d 145.  The Hoffman Court reversed the commission's award of benefits where the commission based its determination on a work slip which "did not give any estimate as to how long [the claimant's] condition was expected to continue . . . did not indicate when, if ever, [the claimant] would undergo his next medical examination . . . and [was issued] almost nine months after [the claimant's] last recorded examination."  50 Va. App. at 217, 648 S.E.2d at 327.  Similarly, the Loehr Court affirmed the commission's denial of benefits where the claimant relied upon a medical record that "did not indicate the last occasion upon which [the claimant] had been treated, how long the partial disability was expected to continue, or when, if ever, [the claimant] would receive additional medical evaluation."  24 Va. App. at 680, 485 S.E.2d at 150.  In contrast, here, the Attending Physician's Report in the instant case indicated the last occasion when claimant received treatment, October 18, 2010.  In addition, although undated, the Attending Physician's Report was issued at most approximately two months after claimant's last treatment, since it was available at the December 15, 2010 hearing before the deputy commissioner.

Because the Attending Physician's Report relied upon a recent examination of claimant on October 18, 2010, and indicated that claimant was still unable to work as of that date and continuing, we hold that claimant's evidence proved, as a matter of law, that his period of disability continued beyond October 18, 2010. Therefore, the commission erred in holding that claimant was not entitled to temporary total disability benefits after that date. Accordingly, we remand the case for further proceedings consistent with this opinion.

Reversed and remanded.